## GARLICK vs. DORSEY.

[ACTION TO RECOVER DAMAGES FOR KILLING MULE.]

1. *Property, use of; subject to what limitations.*—Every owner of property, in this State, holds and enjoys it under the limitations, that it must be so used as not to injure the person or property of any other person, if such injury can be reasonably prevented.

2. *Action to recover damages for mule killed by runaway horse; what must be proved to entitle plaintiff to verdict.*—In an action for the value of a mule, killed by the shaft of a wagon of defendant, with which the horse was running away, it must be shown that the owner of such horse and wagon was negligent in permitting the horse to escape and run off with the wagon. In such case the question of negligence must be left to the jury.

APPEAL from the Circuit Court of Lee.
Tried before Hon. LITTLEBERRY STRANGE.

Garlick v. Dorsey.

The appellant, Garlick, sued the appellee, Dorsey, for negligently causing the death of appellant's mule, worth three hundred dollars.

The facts stated in the bill of exceptions are as follows: The plaintiff's mule, worth one hundred and seventy-five dollars, was standing at a "hitch-post," on a vacant lot in the town of Salem, in Lee county, in this State, which hitch-post was away from any street or public highway in said town. On the same day the defendant drove his horse, hitched to his cart, into said town, (while said mule was so hitched,) and came to a shop in another part of said town, where he stopped and got out of his wagon, leaving his horse unattended and harnessed to his wagon, and went to said shop and engaged in conversation there for some three or four minutes. While so engaged, his horse ran away with the wagon and ran against plaintiff's mule, and so wounded the mule with the shaft of the wagon that the mule died, and was thereby lost to the plaintiff. The defendant showed that his horse was about eleven years old, had the reputation of being gentle and kind, and had borne that character for eight years. There was no evidence of careless or negligent driving of said horse by said defendant. It was also shown that said horse had never scared or run away before, and that defendant was in the habit of leaving him standing a few minutes at a time, and he had always stood quiet and gentle. Upon this evidence the court charged the jury, "that unless the evidence showed that defendant previously had notice of the animal's mischievous propensity, the plaintiff could not recover." The plaintiff excepted to this charge, and on his behalf moved the court to charge the jury, "that if they believed, from the evidence, that the injury to plaintiff's mule was attributable to neglect on the part of the defendant, then the plaintiff was entitled to recover." This charge was refused, and the plaintiff again excepted. Upon this the jury found a verdict for the defendant, and judgment was entered accordingly against the plaintiff for cost. From this judgment the plaintiff appeals to this court and here

insists that the charge given and the refusal to charge as asked were errors to his injury.

STONE & CLOPTON, for appellant.
W. H. BARNES, contra. .

PETERS, J.—The charge of the court below, which was asked by the plaintiff and refused, embodies the principle of law, upon which cases of this character are determined. *Sic utere tuo, ut alienum non lædas,* is the limitation under which every person must use his own property.—1 Bla. Com. 306; Broom's Max. 15 Johns. 218; 17 Mass. 334; 4 McCord, 472; 9 Coke, 59; *Stumps v. Kelley,* 22 Ill. 140, 142. · One person has no right to make such use of his property as to inflict injury on the person or property of another. In *Earl v. Van Alstine,* (8 Barb. 630, 634,) after a careful examination of the decided cases, Mr. Justice Selden says: "These authorities seem to me to point to the following conclusions : 1. That one, who owns or keeps an animal of any kind, becomes liable for any injury the animal may do, only on the ground of some actual or presumed negligence on his part. 2. That it is essential to the proof of negligence, and sufficient evidence thereof, that the owner be shown to have had notice of the propensity of the animal to do mischief. 3. That proof that the animal is of a savage and ferocious nature is equivalent to proof of express notice." These propositions simply show that there must be proof of negligence. If the 'animal doing the injury is *feræ natura,* that is, wild by nature, the owner is bound to keep it safely or not at all. If it occasions injury, the owner is bound to make a proper compensation in damages, if the person injured is not himself in fault.—*May v. Burdett,* 9 Q. B. 101. But if, on the other hand, the animal is *mansuetæ natura,* rendered tame by training and culture, then the rule of evidence is relaxed, and negligence must be shown. It is not to be inferred from the nature of the animal. There must be proof that the animal was vicious and the owner knew its vicious habits. He would then become responsible if he failed

properly to provide against them.—*Kittredge v. Elliott*, 16
N. Hamp. 77.   But in whatever form it may be presented
the question of liability turns upon the fact of negligence
or the absence of it.—Sherm. & Redf. on Negligence, p.
226, § 185, *et seq.*, 2d ed.   Negligence has been defined to
be "the omission to do something which a reasonable man,
guided upon those considerations which ordinarily regu-
late the conduct of human affairs, would do, or doing some-
thing which a prudent and reasonable man would not do."
*Blyth v. The Birmingham Water Works Co.*, 11 Exch. R.
784, *per Alderson*, B.   The first charge was abstract.
There was no proof of any mischievous propensity.

The charge asked and refused should have been given.
This was error.

The judgment of the court below is reversed, and the
cause is remanded for a new trial.