## Rankin M. Hunter *v.* Alan H. Reed, George K. Reed and M. H. Wiener, trading as Jacob Reed's Sons, Appellants.

*Implied contract—Liability of shopkeeper to customer in the absence of ordinary care by shopkeeper.*

A customer may recover for money stolen from his clothes left in one of the dressing booths of a retail clothing store, pending a trying on and inspection of a suit, with a view of purchase, to an amount usually carried by prudent persons on their person. Such a case falls within the rule of Woodruff v. Painter, 158 Pa. 91.

The proprietor is not relieved by a notice disclaiming responsibility when it does not appear that the customer saw or had his attention directed to such notice.

A diamond ring is not designed to be carried in the fob pocket of a pair of trousers, and it is clearly outside of the rule of Woodruff v. Painter. Its value cannot be recovered under such circumstances.

Argued Oct. 6, 1899. Appeal, No. 39, Oct. T., 1899, by defendants, from judgment of C. P. No. 4, Phila. Co., June T., 1897, No. 1329, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Judgment modified and affirmed. Opinion by ORLADY, J.

Assumpsit. Before WILLSON, J.

It appears from the record that plaintiff brought an action to recover the value of a diamond ring and for certain moneys taken from the pocket of plaintiff's clothes left by him in a dressing-room in defendants' establishment while trying on a new suit with a view to purchase.

The facts appear at length in the opinion of the court.

Defendants submitted, among others, the following point :

[1. Under all the evidence the verdict must be for the defendants. *Answer:* Refused.] [1]

The court reserved the point, whether there is any evidence upon which defendants can be held liable.

Verdict and judgment for plaintiff for $123.50. Defendants appealed.

112, (1899).]        Assignment of Errors—Arguments.

*Errors assigned* among others were (1) refusing defendants' point, reciting same.   (2) In discharging defendants' rule for judgment for defendants on the point reserved.   (6) In not reducing the amount of the verdict by the amount of $82.50, the value of the diamond ring alleged to be lost.

*Wm. H. Burnett*, for appellants.—The verdict should have been directed for the defendants, or entered for them upon the point reserved : Rca v. Simmons, 141 Mass. 561 ; Goff v. Wanamaker, 25 W. N. C. 358.

It is not even suggested in any of the cases that the storekeeper is under the responsibility of an innkeeper or common carrier, who are insurers.

Even an innkeeper is relieved by the contributory negligence of his guest: 11 Am. & Eng. Ency. of Law (1st ed.), 63.

Nor is he responsible for articles of special value without delivery to him for safe keeping.

The plaintiff was guilty of contributory negligence, and it should relieve the defendants.

The law of the liability of the carrier of passengers for loss of personal effects affords some analogous cases : Lewis v. Sleeping Car Co., 143 Mass. 267.

The court should have granted a new trial or reduced the verdict.

This court can afford the same relief as the lower court might have done : Act of May 20, 1891, P. L. 101 ; Reno v. Shallenberger, 8 Pa. Superior Ct. 436.

*Wm. M. Crowther*, for appellee.—The property which was lost was $41.00 in money and a diamond ring valued at $82.50, making $123.50, the amount of the verdict.   The question as to whether or not the ring was such an article as a man would ordinarily carry about with him under the authority of Woodruff v. Painter, 150 Pa. 91, is one for the jury.   The learned trial judge submitted this question to the jury, and their finding was in favor of the plaintiff.   See also Morris v. Railway Co., 23 How. Pr. 345.

The case at bar is singularly in line with Woodruff v. Painter, 150 Pa. 91.

OPINION BY ORLADY, J., December 11, 1899:

The defendants conducted a large retail clothing store, which occupied four contiguous buildings, and were disposing of their stock of goods preparatory to removing the business to another location. Through the inducement of reduced prices a large number of customers were attracted, requiring additional salesmen.

In order to expedite the sales, six dressing-rooms or booths, in which to make exchanges of clothing, were arranged in the store, and in each was placed a notice in the following form: "We are not responsible for articles left in the dressing closets. Jacob Reed's Sons." The plaintiff went to the store to purchase a pair of pantaloons, and after examining a number, and selecting a pair, he was told by the salesman, who was acting for the defendants in negotiating the sale, to "step in any of these closets that you see open and put the pants on." Acting upon this direction the plaintiff entered an unoccupied closet, removed the clothing he was then wearing and hung it upon a clothes hook or pin in the booth. After putting on the new trousers he was requested by the salesman to go into the next room and inspect the garment in a mirror; when he returned to the booth to resume the clothes he had left in it, he found the booth occupied by a person who was a stranger to him and to the salesman. He recovered his clothing and went into an adjoining dressing-room to put it on, when he discovered that some money had been taken from his pocketbook which he had carried in the left hip pocket, and, later on, that a diamond ring which he had placed in the fob pocket of his trousers was missing. He promptly announced the loss of the money to several salesmen, and pointed out to them the man who had been in the booth in which he had left his clothes. The salesman referred him to the manager, and he directed him to one of the proprietors who disclaimed all liability for the loss, and did not make any effort to recover the property. The property was never recovered, and the trial in the court below resulted in a verdict for the plaintiff for his claim of $41.00 of money and $82.50 for the diamond ring.

In Woodruff v. Painter, 150 Pa. 91, our Supreme Court held under somewhat similar facts: "When the defendants opened a retail clothing store, they thereby invited the public

to come into their place of business and purchase clothing in the usual manner, and when they extended this invitation they assumed some duty to the people who should respond to it. . . . Whatever thus necessarily, or, in common with people generally, he habitually carries with him, and must necessarily lay aside in the store while making or examining his purchases, he is invited to lay aside by the invitation to come and purchase, and, having laid it aside upon such invitation and with the knowledge of the dealer, he has committed it to his custody. And this being a necessary incident of the business upon which the customer was invited to come to the store, the care of the property would be within the authority of the salesman assigned to wait upon him; it would be part of the transaction in which he is authorized to represent his employer." It is true that in this last case the appeal was to remove a nonsuit which had been entered by the court below, but the principle announced is as convincing as if the opinion had sustained a verdict in the plaintiff's favor. The appellants contend that the plaintiff was so culpably negligent in not heeding the notice in the dressing-room as to relieve them from all liability, but there is no evidence that his attention was directed to the notice, and he denies that he saw it. The jury may have considered that its size and location did not sufficiently inform the plaintiff of any risk, or that it did not apply to him, as he had not finished his use of the room or "left" it, in the sense of the notice.

The dressing-rooms were arranged and used to facilitate the sales, which were reciprocally beneficial, and the degree of care to be given to the articles of clothing properly left therein, was at least that of ordinary diligence. The quality and price of a garment might be satisfactory to the purchaser, but to induce a prompt sale the booth and mirror were furnished to aid in convincing him as to its style and fit. These adjuncts were employed by the dealer, and to utilize them it was necessary to remove all or a part of the outer clothing worn by the purchaser. As the mirror was some distance from the booth, the purchaser would not reasonably be expected to carry his own clothes to it, and he accepted the invitation suggested by the clothes hook or pin, to hang them up in the booth. No hire was paid for the care of the clothing left in the booth or for the

use of the defendants' appliances, but the manner of effecting the sale through the plan adopted by the defendants was a necessary incident of a business in which the bailee made a profit, as in Woodruff v. Painter, supra. And while his property was in the booth the plaintiff was entitled to a reasonable protection of all the property which is ordinarily worn or used by a man under similar conditions. The risk from theft was enhanced in proportion to the increased crowd in the store at that time, and precautions in proportion to the increased risk should have been taken to protect the dressing-room while, at the request of a salesman, the customer was absent therefrom. A proper supervision of these rooms would have been reasonable and ordinary care, but it appears that they were left free to the use of any one who desired to enter them.

A more serious question is presented in regard to the plaintiff's right to recover for the loss of the diamond ring which was in the fob pocket of his trousers. The learned trial judge instructed the jury as to the duty and liability of the defendants in this regard, as follows: " He is only responsible for that degree of care and attention which a person would naturally prudently exercise towards property that was placed in his custody for the time being. He is only responsible, in any event, for such articles as a person would naturally and ordinarily be expected to carry about with him. It would be very unreasonable, I think you would say, if a man went into a clothing store with his pantaloons pocket full of diamonds, and removed the trousers and laid them aside and somebody should come in, carry the whole garment away, or remove the contents of the pocket, that the proprietor of the store should be held bound to answer for the pocket full of diamonds. It would naturally be expected that a man would have money in his pocket, a reasonable amount of money. If a man had $1,000,000 in his pocket, it would be very unreasonable to say to the proprietor of a store that he should be held responsible for that in any such circumstances as are involved in this case. I refer to that because the question may arise, if you think the defendants are responsible for any portion of the plaintiff's claim, as to whether they are responsible for the value of the diamond ring, whether or not a man would naturally and ordinarily carry a diamond ring around in the fob pocket of his panta-

loons; whether the natural place for him to carry the ring would be on his finger?" Ordinarily the court cannot decide as matter of law just how, where, and when an item of property is to be worn or carried so as to be within the rule laid down in Woodruff v. Painter, supra, Bunnell v. Stern, 122 N. Y. 539 (a lady's cloak), Morris v. Third Avenue Ry. Co., 23 How. Pr. 345 (a lady's satchel), and Pullman Palace Car Company v. Gardner, 14 W. N. C. 17 (a watch and pocket-book). This question depends largely on the facts of each particular case.

The rule laid down in Woodruff v. Painter, supra, is intended to apply to such property only as the purchaser necessarily, or, in common with people generally, habitually carries with him and must necessarily lay aside while making his purchases. But when property is of a kind, or of a value, or is carried in such a way, or in such a place, as to give no suggestion to the storekeeper that it is of extraordinary value, or when it is carried in an unusual place, the customer should give notice of that fact so as to put the storekeeper on his guard, and a special contract for its care could then be made or declined.

The liability of the storekeeper is quite different from that of an innkeeper. The salesman, in the ordinary scope of his employment to sell clothing, was not authorized to receive valuable jewelry for safe-keeping, and the customer had no right to assume that fact. The courts are expected to take notice of such matters as are within the common experience or knowledge of men, and it is but reasonable to hold that it is quite outside of the ordinary conduct of men to carry a million dollars, or a pocketful of valuable gems, in their usual clothing. A diamond ring is designed and made to be worn on a finger, and not to be carried in a fob pocket of trousers. When property of like character is carried in such an unusual place it is clearly outside of the rule of Woodruff v. Painter.

Under the facts of this case the plaintiff was not entitled to recover for the loss of the diamond ring. The sixth assignment of error is sustained, and the judgment is modified in accordance with this opinion. The judgment is now entered in favor of the plaintiff in the sum of $41.00 and costs. The costs of this appeal to be paid by the appellant.