(101 So. 175)

**THOMPSON v. MOBILE LIGHT & R. CO.**
(1 Div. 548.)

(Court of Appeals of Alabama. Jan. 15, 1924. Rehearing Denied Feb. 19, 1924. Affirmed on Mandate July 22, 1924.)

**1. Bailment ⬚⟹30 — Necessary allegations of complaint for loss of automobile by owner of parking space stated.**

In an action for loss of an automobile by the owner of a parking space, the complaint must allege facts showing duty owed by defendant to plaintiff, a breach of that duty, and proximate damage caused by negligent breach.

**2. Bailment ⬚⟹30—Allegations held to create relation of bailor and bailee.**

In an action against owner of parking space for loss of an automobile, an allegation that plaintiff's son was using the automobile and parked it in the space owned by defendant created the relation of bailor and bailee between plaintiff and his son.

**3. Bailment ⬚⟹21—Bailor can sue for negligent injury to property during bailment.**

Where a son was using his father's automobile, the father as bailor could sue for negligent injury to the automobile during the bailment under Code 1907, § 2464.

**4. Bailment ⬚⟹14(1) — Furnishing guards by owner of parking space, held to imply contract to watch automobiles parked.**

In an action against the owner of parking space for loss of an automobile, where defendant kept a parking space and charged for use of it, and maintained guards to watch automobiles, there was a duty on part of defendant arising out of contract whereby it agreed to furnish a place for parking and to watch automobiles.

**5. Bailment ⬚⟹1, 14(1)—Deposit of automobile in parking space held to create contract of bailment; owner of parking space held to have duty to watch automobiles parked there.**

Where the owner of a parking space for automobiles charged for use thereof and kept guards to generally watch after them, deposit of automobile therein was a contract of bailment, and there was a duty to its owner to generally watch over it.

**6. Bailment ⬚⟹14(1)—Bailee cannot contract against his own negligence.**

Though the owner of parking space, in a receipt given for an automobile, disclaimed liability for lost or stolen property or damaged property, it could not contract against its own negligence.

**7. Bailment ⬚⟹30—Complaint for loss of automobile by owner of parking space held to state cause of action.**

In an action by owner of automobile against owner of parking space for loss of automobile, complaint *held* sufficient on demurrer to state cause of action.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Paul E. Thompson against the Mobile Light & Railroad Company. Following adverse rulings on the pleadings plaintiff takes a nonsuit and appeals. Affirmed on mandate.

Certiorari granted by Supreme Court in Ex parte Mobile Light & Railroad Co., 211 Ala. 525, 101 South. 177.

Alex T. Howard, of Mobile, for appellant.

The plaintiff had a right of action as bailor. Code 1907, § 2464; 6 C. J. 1166. A

bailee for hire cannot limit responsibility for his own negligence. Pilson v. Tip Top Auto Co., 67 Or. 528, 136 Pac. 642; Moeran v. N. Y. Ass'n, 28 Misc. Rep. 537, 59 N. Y. Supp. 584; Neuman v. Nat. S. & L. Exch., 26 Misc. Rep. 388, 56 N. Y. Supp. 193.

Harry T. Smith & Caffey, of Mobile, for appellee.

There can be no bailment, unless the bailee acquires an independent and temporarily exclusive possession. Van Wagoner v. Buckley, 148 App. Div. 808, 133 N. Y. Supp. 599; Bertig Bros. v. Norman, 101 Ark. 75, 141 S. W. 201, Ann. Cas. 1913D, 943; A. C. L. v. Baker, 118 Ga. 809, 45 S. E. 673; Gilson v. P. R. R., 86 N. J. Law, 446, 92 Atl. 59. It is only on contract express or implied for the payment of money that suit can be brought in the name of the real party in interest in this state. Code 1907, § 2489. In other cases it must be brought in the name of the party making the contract. Auerbach v. Pritchett, 58 Ala. 451; Newsom v. Huey, 36 Ala. 37; Southern Ry. Co. v. Brewster, 9 Ala. App. 597, 63 South. 790.

SAMFORD, J. The complaint is as follows:

"The plaintiff claims of the defendant the sum of four hundred dollars as damages for that on to wit the 15th day of July, 1922, the plaintiff was the owner of a Ford automobile of the value of to wit four hundred dollars and the defendant was the owner of a large park on Mobile Bay, much frequented by the public, in connection with which a baseball association operated a baseball diamond and stand, also much frequented by the public and by people driving automobiles and near which baseball stand defendant had leased a parking place for automobiles, which was also much used by the public so that many automobiles usually parked there whilst the owners thereof were patronizing the said baseball diamond and stand to see the games played there; defendant regularly kept in attendance an employé at said park, whose duty it was to generally watch after said automobiles so parked and said attendant was regularly seen by the public in and about said automobiles and about said parking place keeping a general lookout for the same; and there was also stationed at the entrance to said place another employé of the defendant who collected fifteen cents for each automobile so parked at said place and this gatekeeper remained on duty a portion of the time whilst said ball games were being played, and one or the other of said employés was on duty regularly throughout the period whilst said ball games were being played and the plaintiff as well as the public in general were induced to believe and from the facts hereinabove set forth had a reasonable right so to believe that the keeping on duty of aforesaid employés or one of them was a part and parcel of the service rendered by defendant in connection with said parking space and the plaintiff alleges that the defendant thereby impliedly agreed with those so using said space that for the said consideration of fifteen cents said automobiles would be to that extent protected by the keeping on hand of either or both of said attendants and that their presence there would be a part and parcel of the service rendered by defendant in return for said charge; that on said day the plaintiff's son, Paul E. Thompson, Jr., who was then and there using said car with his father's permission, paid the sum of fifteen cents and parked his said car in said space and the defendant's gatekeeper handed to plaintiff's said son a check which read as follows: 'No. 16767. A charge of fifteen cents is made for the privilege of parking one automobile in the Monroe Park parking space. The company assumes no responsibility for lost or stolen property or damage to property while parking in said parking space. Mobile Light & Railroad Co.' Plaintiff further alleges that whilst his said son was watching the baseball game then being played at said park a thief came to said park and stole his said car and the loss to plaintiff of said automobile was proximately caused by and through the negligence of the defendant in this that it negligently failed to guard or protect plaintiff's said automobile and he shows that whilst his said son was so watching said game neither of said attendants was present at said place or near the same and as a result thereof said cars had no protection whatsoever from theft and that because of the absence of said attendants and the fact that said defendant had no one at all present at said parking place plaintiff was so caused to suffer said loss of his car, to his damage as aforesaid; wherefore he sues."

To this complaint demurrer was interposed and sustained. Plaintiff took a nonsuit on account of this adverse ruling, and appeals.

[1] To state a cause of action in a suit of this character, the complaint must allege facts showing a duty owing by the defendant to the plaintiff, a breach of that duty, and a proximate damage sustained by the plaintiff caused by the negligent breach. W. Ry. of Ala. v. Madison, 16 Ala. App. 588, 80 South. 162.

[2, 3] The allegations of the complaint create between the plaintiff and his son the relation of bailor and bailee. That being the case the bailor can maintain suit for a negligent injury to the property during the existence of the bailment. Code 1907, § 2464; So. Ry. v. Chambless, 10 Ala. App. 326, 65 South. 417; Lockhart v. W. & A. R. R., 73 Ga. 472, 54 Am. Rep. 883.

[4] Does the complaint show a duty owing by the defendant to the plaintiff, other than the furnishing of parking space on a lot near the baseball park? It is alleged in the complaint that defendant maintained a parking place for automobiles, with two men in charge part of the time and one man all of the time whose duty it was to collect the parking fees and to watch after such automobiles as might be parked therein; that this status was known to the public, and, being so maintained and guarded, the public were invited to park and leave their cars in the space, for which defendant charged and collected a fee,

for which fee defendant issued a receipt exempting itself from loss, theft, or damage to property. Under these conditions and plaintiff having been induced to park his car in the space offered to the public by the defendant, for which privilege he paid defendant the required fee, it became the duty of defendant to maintain the status of general oversight which obtained at the time plaintiff accepted the offer and parked his car. In other words, defendant by its acts says to the public generally: "I have a space set apart for the parking of cars; I have two men in charge; one will collect the fees charged and one will generally watch after 'the cars parked in this space,' but if in spite of this, there is loss, theft, or damage I will not be responsible. For this service I will charge fifteen cents." This fixes a duty on the defendant, owing to any person availing himself of the invitation, to maintain the status of the parking place, as it was at the time plaintiff's car was parked there and until such person repossesses his car, with such oversight from its employees as would naturally and reasonably follow from the circumstances. This duty would not necessarily rest upon a contract of bailment, but would arise out of a contract whereby the defendant agreed, not only to furnish a place for parking, but impliedly a watch to be kept over the automobiles parked in the space furnished. Garlick v. Dorsey, 48 Ala. 220.

[5] If, however, a contract of bailment should be necessary, authority sufficient to hold that the facts alleged in the complaint constitute an implied bailment may be found in Sulpho-Saline Bath Co. v. Allen, 66 Neb. 295, 92 N. W. 354, 1 Ann. Cas. 21; Woodruff v. Painter, 150 Pa. 91, 24 Atl. 621, 16 L. R. A. 451, 30 Am. St. Rep. 786; Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910, 10 L. R. A. 481, 19 Am. St. Rep. 519; Hunter v. Reed, 12 Pa. Super. Ct. 112. So that, whether the allegations of the complaint are to the effect that defendant contracted to furnish parking space and impliedly to furnish a watchman or whether the deposit of the car was an implied contract of bailment the duty to plaintiff was, in this case, the same; i. e., that a man should be kept by the defendant to "generally watch after the automobile so parked."

[6] As to the stipulations in the receipt given plaintiff's son at the time of parking the car, it is universally held that one cannot contract against his own negligence. 2 Mitch. Dig. p. 675, P. 93.

The complaint follows the allegation as to duty with allegations of negligence and proximate damage.

[7] The complaint states a cause of action and is not subject to the grounds of demurrer assigned.

The judgment is reversed and the cause is remanded for trial.

Reversed and remanded.

PER CURIAM. Affirmed on authority of Ex parte Mobile Light & Railroad Co. (In re Thompson v. Mobile Light & Railroad Co., 211 Ala. 525, 101 South. 177.