25308.  WHITE *v.* AMERICAN INSURANCE COMPANY.

Decided April 30, 1936.

*T. J. Lewis,* for plaintiff.

*Dudley Cook, Colquitt, MacDougald, Troutman & Arkwright,* for defendant.

GUERRY, J. The American Insurance Company became subrogated to the rights of Hertz Driv-Ur-Self Sales Corporation, which had rented an automobile to one Carroll. Carroll parked the automobile in a parking lot operated and owned by D. A. White, paid to White a consideration, and was issued a claim check for the car by White. When he came to claim the automobile White had wrongfully and negligently delivered the car to a third person. Carroll reported the matter to Hertz Driv-Ur-Self Sales Corporation, and when the car was found and recovered by the Hertz Corporation it had been injured and damaged in a named amount. Suit was filed against White by the American Insurance Company, which had insured the car and had paid the amount of the damage. White demurred to the petition on the ground that the cause of action, if any, was in Carroll who had stored the car with him. The question presented is, did the court err in overruling the demurrer and in directing a verdict for the plaintiff?

A contract of hire, as defined in the Code of 1933, § 12-201, existed between Carroll and the plaintiff's assignor. A contract of bailment existed between Carroll and defendant, as defined in § 12-301. See § 12-403; *Renfroe* v. *Fouché,* 26 *Ga. App.* 340 (106 S. E. 303). The defendant became bound for ordinary diligence in caring for the thing stored, and upon failure to deliver on demand he became liable unless he showed that he had exercised ordinary diligence. Code of 1933, § 12-405. On failure of White to deliver on demand, a cause of action arose in favor of Carroll for the interference with his right of possession and in favor of the plaintiff's assignor for interference or damage to his right of property. In *Lockhart* v. *Western & Atlantic R.,* 73 *Ga.* 472 (54 Am. R. 883), it was said: "In all cases of bailment, where the property is in possession of the bailee, and a trespass is committed during the continuance of the bailment, this gives the bailee a right of action for the interference with his special property, and a concurrent right to the owner or bailor, for the interference with his general property." "Where a third party has deprived the

322

bailee of the possession of the property, or injured it, the bailee may recover damages for the entire loss or injury, subject to the right of the bailor to interpose by suit for his own protection, and in event of recovery by the bailee, he will hold the amount in excess of the injury to his special interest in trust for the bailor." 6 C. J. 1168; *Schley* v. *Rutherford, 6 Ga.* 530. "A third person who is the true owner of the goods may sue the bailor or the bailee, severally in trover for their conversion or he may sue both jointly." 6 C. J. 1169. Under the Code of 1933, § 12-301, White accepted the bailed property, for safe-keeping, and owed a duty to the person who delivered the property to him, who was himself a bailee, for interference with his right of possession, and also a duty to the bailor, Hertz Driv-Ur-Self Sales Corporation, to which the property belonged. Thompson *v.* Mobile Light &c. Co., 20 Ala. App. 163 (101 So. 175). The evidence shows without dispute that the automobile was wrongfully and negligently misdelivered to a third person by the defendant, and was then damaged. The amount of the damage is undisputed. The defendant was therefore subject to the verdict directed against him. See *Darling* v. *Purdom, 14 Ga. App.* 597 (81 S. E. 800) ; 3 R. C. L. 168, § 38.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*