OAKLAND COUNTY *v.* BICE

APPEAL AND ERROR—PARTIES—LEGAL STANDING—NECESSITY OF RE-
VIEW.

> Legal questions raised by a party with no standing in the
> litigation need not be decided on appeal; therefore where
> the record sustained a trial court's finding that defendants
> did not own money which plaintiff county had seized under
> a grand jury subpoena during a judicial investigation into
> illegal gaming operations, the Court of Appeals would not
> decide issues raised by defendants on appeal.

Appeal from Oakland, Frederick C. Ziem, J.   Sub-
mitted Division 2 February 11, 1970, at Detroit.
(Docket No. 6,411.)   Decided April 9, 1970.   Leave
to appeal granted July 16, 1970.   383 Mich 805.

Statutory action by Oakland County to confiscate
money seized under a grand jury subpoena during
judicial investigation into illegal gaming operations
in that county.   Anna Bice and Shoefard Bice moved
to intervene and were made codefendants.   The
United States of America was granted leave to inter-
vene as third-party defendant.   Judgment that the
money be delivered to the United States of America.
Defendants Anna Bice and Shoefard Bice appeal.
Affirmed.

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error §§ 178–185.

*Jerome K. Barry,* for plaintiff.

*Richard G. Chosid,* for defendants Bice.

*Johnny M. Walters,* United States Assistant Attorney General, *Lee A. Jackson, Crombie J. D. Garrett, Paul M. Ginsburg,* Attorneys, United States Department of Justice, for third-party defendant.

Before: QUINN, P. J., and R. B. BURNS and FITZGERALD, JJ.

PER CURIAM. This action was commenced pursuant to CLS 1961, §§ 750.308 and 750.308a (Stat Ann 1954 Rev §§ 28.540 and 28.540[1]) to confiscate $35,000 seized under a grand jury subpoena during a judicial investigation into alleged illegal gaming operations in Oakland County. The judgment below awarded the money to the United States of America in satisfaction of a tax lien against one Roy L. Clark.

This appeal of the Bices raises many serious legal questions with respect to the proceedings here reviewed. However, the trial court found that neither of the Bices owned the $35,000 involved, and the record before us sustains that finding. Bices had no standing in this litigation, and we find it unnecessary to decide the issues raised by them on this appeal.

Affirmed but without costs.