OAKLAND COUNTY *v*. BICE

OPINION OF THE COURT

1. GAMING—SUBPOENA DUCES TECUM—MONEY—TAXATION—LEVY.
    Trial court erred in determining that certain money was the property of Roy L. Clark and that it was therefore subject to a tax lien and levy of the United States as the record contains no evidence which establishes the ownership of the money which was seized pursuant to a grand jury subpoena duces tecum during an investigation of illegal gaming directing defendant to produce and deliver all contents of a safe belonging to Roy Lee Clark or Anna Lois Clark.

2. WITNESSES—SUBPOENA DUCES TECUM—PURPOSE.
    A subpoena duces tecum is a writ whereby a court, at the instance of a suitor, commands a person who has in his posses-

REFERENCE FOR POINTS IN HEADNOTES
[1-8] 38 Am Jur 2d, Gambling § 179 *et seq.*

sion or control some book or paper pertinent to the issues of the pending controversy to attend and produce it for use at the trial; the documents produced in obedience thereto remain under the control of the person producing them and he cannot be required to leave them with the person conducting the examination or the clerk of the court but they must be returned to him after use or examination.

3. WITNESSES—SUBPOENA DUCES TECUM—SEARCHES AND SEIZURES.

A subpoena duces tecum cannot perform the office of a warrant to search and seize and hence the seizure of certain money pursuant to a subpoena duces tecum was unlawful.

4. REPLEVIN.

The action of replevin is the traditional method of recovering property wrongfully taken or detained; however, the Michigan Supreme Court has sanctioned other means to that same end such as a writ of mandamus.

5. COURTS — JURISDICTION — PARTIES — SEARCHES AND SEIZURES — MANDAMUS — CLAIM.

Trial court had jurisdiction over the subject matter and the parties where the person from whom property was improperly seized did not petition for a writ of mandamus, but rather, as directed by the court, filed claim in a proceeding improperly started pursuant to a statute (MCLA § 750.308a).

6. GAMING—SEARCHES AND SEIZURES—WITNESSES—SUBPOENA DUCES TECUM—MONEY—POSSESSION.

At a hearing on the merits of a claim for return of certain money seized pursuant to a grand jury subpoena duces tecum during an investigation of illegal gaming, it should have been apparent to the trial court that the possession of the money in the defendants was wrongfully disturbed and possession should have been ordered restored to them, absent proof of some better right of possession; it was not incumbent on the defendants to establish ownership and hence their failure to do so cannot be used as the basis for establishing title.

OPINION FOR AFFIRMANCE

BLACK, J.

7. CONSTITUTIONAL LAW—SELF-INCRIMINATION—CIVIL LITIGATION—EQUITY—ACTION.

*The privilege against self-incrimination operates as a protection against one being required to incriminate himself in a criminal*

or other proceeding which might degrade him, however, in civil litigation where it is manifest the exercise of the privilege would operate to further the action or claim of the party resorting to the privilege against his adversary contrary to equity and good conscience, the party asserting privilege will not be permitted to proceed with his claim or action.

8. INTERPLEADER—EQUITY—LEVY—PRESUMPTION.

An action in the nature of interpleader is purely equitable, and no court of professed conscience should award what manifestly is a criminally tainted bundle of currency to litigants who refuse to testify to their alleged right thereto; therefore, in such an action, where the United States Government made a claim that the money belonged to a third person thereby raising a rebuttable presumption in its favor, which presumption was not rebutted, the money should be delivered to the United States which had given a notice of levy thereon against such third person, which notice was properly served on the person having custody thereof.

Appeal from Court of Appeals, Division 2, Quinn, P. J., and R. B. Burns and Fitzgerald, JJ., affirming Oakland, Frederick C. Ziem, J. Submitted June 9, 1971. (No. 10 June Term 1971, Docket No. 52,828.) Decided November 9, 1971.

23 Mich App 148 reversed.

Statutory action by Oakland County to determine that certain money seized pursuant to a grand jury subpoena duces tecum during an investigation of illegal gaming was the property of that county. Shoefard Bice and Anna Bice moved to intervene, claiming the money. United States of America intervened and claimed the money. Judgment awarding money to the United States of America. Defendants Bice appealed to the Court of Appeals. Affirmed. Defendants Bice appeal. Reversed.

*Richard G. Chosid,* for defendants Bice.

*Johnnie M. Walters,* Assistant United States Attorney General, *Meyer Rothwacks, Crombie J. D. Garrett,* and *Paul M. Ginsburg,* Attorneys, United States Department of Justice, for defendant United States of America.

T. G. KAVANAGH, J. On November 9, 1966, the Oakland County "One Man Grand Juror"* issued the following instrument:

"SUBPOENA DUCES TECUM

"THE STATE OF MICHIGAN,  ⎫
CIRCUIT COURT FOR THE  ⎬ SS.
COUNTY OF OAKLAND  ⎭

　　　"TO ANNA ELIZABETH BICE
　　　　28205 Emery
　　　　Roseville, Michigan

　　　GREETING: IN THE NAME OF THE PEOPLE OF THE STATE OF MICHIGAN you are hereby commanded to be and appear before the Circuit Court for the County of Oakland aforesaid, at the Grand Jury Court Room, 4th Floor, County Building, No. 1 Lafayette Street, corner of Saginaw Street, in the City of Pontiac, in the said County forthwith A.D., 1966 at _____ o'clock ___ . M.,

"then and there to give evidence in said court before the HONORABLE PHILIP PRATT, CIRCUIT JUDGE, in the judicial inquiry being conducted in the matter of the Petition of Frank J. Kelley, Attorney General for the State of Michigan, Case No. 28539, and you are com-

---

* MCLA § 767.3 *et seq.* (Stat Ann 1971 Cum Supp § 28.943 *et seq.*).

manded to produce: ALL contents of safe; any monies, records, belonging to one Roy Lee Clark or Anna Lois Clark,

"It shall be deemed compliance with this subpoena to deliver the above named articles to the person serving this subpoena.

"hereof fail not, or be adjudged guilty of contempt.

"WITNESS, the Honorable Philip Pratt, Presiding Judge of said Court, at the City of Pontiac, aforesaid, on the 9th day of November in the year of our Lord one thousand nine hundred sixty six.

"JOHN MURPHY CLERK

BY: /s/ _____ Deputy"

Two officers attached to the grand jury presented the subpoena to Anna Bice, took certain papers and $35,000 in currency and gave her a receipt therefor.

After two terms of the grand jury expired, the successor grand juror filed a complaint in the Oakland County Circuit Court asking that the $35,000 be determined to be the property of Oakland County, that the clerk be authorized to turn it over to the treasurer to be put in the county's general fund and that the grand jurors and their staffs be released from liability for it.

An ex parte order granting the requested relief was entered on August 21, 1967.

On September 8, 1967 Anna and Shoefard Bice petitioned to intervene and asked that the funds be returned to them. On September 29, an order was entered staying the original order of August 21st and directing the publication of notice to the pendency of the matter and providing for the filing of claims for the money within six months by anyone asserting such claim.

The United States Government intervened and claimed the money under a levy on the property of Roy Clark for taxes.

At the trial of the matter, the plaintiff's witnesses refused to testify on account of their oaths of secrecy required by the grand jury statute and Mrs. Bice refused to testify in most particulars because of possible self-incrimination.

The trial court ruled that Mrs. Bice could not succeed in her claim because of her refusal to testify; the county could establish no claim, and hence the $35,000 was awarded to the United States on the "unrebutted presumption" raised by the subpoena duces tecum that the property was Roy Clark's.

On reconsideration of its original order to turn the money over to the Clerk of the Supreme Court under the provisions of the grand jury statute, the Court of Appeals affirmed the trial court.

In its counter statement of question presented the appellee-intervenor United States of America correctly poses the question here on appeal:

"Did the trial court correctly determine that the $35,000 in controversy was the property of Roy L. Clark and that it was therefore subject to the tax lien and levy of the United States?"

We conclude that he did not, for the record contains no evidence which establishes the ownership of the money.

The problem presented by this case stems from the confusion of the subpoena duces tecum and a warrant authorizing the seizure of property.

In 97 CJS, Witnesses, § 25 the office of the subpoena duces tecum is well explained. Therein it is pointed out:

"a. In General

"A subpoena duces tecum is a process or writ whereby a court, at the instance of a suitor, commands a person who has in his possession or control some book or paper which is pertinent to the issues of the pending controversy to attend and produce it for use at the trial; and such a subpoena is the usual and ordinarily proper way of compelling the production of books or papers in a proceeding.

\*     \*     \*

"*Possession and control of documents produced.* Books or papers produced in obedience to a subpoena duces tecum remain under the control of the person producing them, and he cannot be required to deposit and leave the same with a commissioner or officer who is conducting the examination, or the clerk of the court, but they must be returned to him after such use or examination of them as may be necessary and proper has been made." (p 395.)

*In re Atlas Lathing Corp.* (1941), 176 Misc 959 (29 NYS2d 458), wherein the New York Attorney General sought virtually to impound certain books and records obtained under "the cloak of a subpoena duces tecum" the Court said (p 960):

"The power to subpoena a record for pertinent examination does not imply any concomitant right of seizure.

" 'The rule appears to be clear and well settled that one who procures or compels the production of papers cannot take the *custody* of those papers from the person producing them.' *State* v. *Smithmeyer* [1921], 110 Kan. 172, at p 176, [202 P 638, 640])."

We hold that a subpoena duces tecum cannot perform the office of a warrant to search and seize and hence the seizure in this case was unlawful.

The procedure under which disposition of the property here involved was sought to be made is provided in MCLA § 750.308a (Stat Ann 1954 Rev § 28.540[1]).

This section specifically treats of property "lawfully seized" pursuant to the provisions of MCLA § 750.308 (Stat Ann 1954 Rev § 28.540) and hence is patently inappropriate.

The action of replevin is the traditional method of recovering property wrongfully taken or detained.

This Court has sanctioned other means to that same end, however. In *Robinson* v. *Inches* (1922), 220 Mich 490 this Court approved a writ of mandamus directing return of money lawfully seized when no prosecution ensued. There the Court said: (pp 491, 492)

"The only meritorious question presented is whether mandamus is the proper remedy.

"Citing *Newberry* v. *Carpenter* [1895], 107 Mich. 573 (31 L.R.A. 163, 61 Am. St. Rep. 346); *Taylor* v. *Isabella Circuit Judge* [1920], 209 Mich. 101, and sections 15880–15883, 3 Comp. Laws 1915, Judge Dingeman properly held that while the officers had a right to seize the money to be used as evidence, it was their plain duty to return it when complaint was neither made nor contemplated.

"Counsel say:
" 'Mandamus is an extraordinary remedy granted only in cases where the usual modes of procedure and forms of remedy are powerless to afford relief. It cannot be said that the usual modes of procedure and forms of remedy are powerless to afford relief. If this money was taken from the relator illegally, he has his action and to this action it is the contention of these respondents that he must resort.'

"To what action must plaintiff resort? Surely one situated as plaintiff need not seek a money judgment against officers and take the hazard of collecting such judgment. Nor should he be relegated to an action of replevin, nor to equity."

In this case the person from whom the property was improperly seized did not petition for a writ of mandamus, but rather, as directed by the court, filed claim in this proceeding improperly started pursuant to MCLA § 750.308a (Stat Ann 1954 Rev § 28.540[1]). We conclude that the court had jurisdiction over the subject matter and the parties.

At the hearing on the merits of the claim so filed it should have been apparent to the court that the *possession* of the money in the Bices was wrongfully disturbed and possession should have been ordered restored to them, absent proof of some better right to possession.

Judge McGREGOR, writing for the Court of Appeals in *People* v. *Rosa* (1968), 11 Mich App 157 pertinently observed (p 161):

"A similar illegal seizure of cash was faced and decided under the principles of the 4th Amendment in *Berkowitz* v. *United States* (CA 1, 1965), 340 F2d 168 (8 ALR3d 463). It was stated in that opinion that the basic concept of our American system incorporated in the 4th Amendment is that men have the right to be left in possession of their property unless valid authority for disturbing that possession can be shown to be based upon law. No complicated questions of title will be faced, as all that need be decided concerning seized property is the superior right of possession as between the seizing authority and the one from whom the prop-

erty was seized. As pointed out in *Berkowitz,* this does not mean that an accused is entitled to receive possession of contraband of which the mere possession is *per se* contrary to public policy. In the case of the seizure of noncontraband property, public policy against the unconstitutional seizure of property is so strong as not to allow undue vexation or delay in recovering property wrongfully seized."

It was not incumbent on the Bices to establish ownership and hence their *failure* to do so cannot be used as the basis for establishing title.

This record will not support a conclusion of ownership in any one. It is totally adequate to establish the right to possession of the $35,000 in question in the Bices.

Reversed.

T. M. Kavanagh, C. J., and Adams, T. E. Brennan, Swainson, and Williams, JJ., concurred with T. G. Kavanagh, J.

Black, J. *(for affirmance).* Prior to declaring and recording his mixed findings of fact and law trial judge Ziem arrived at this perceptive procedural conclusion:

"This action is an action in the nature of an interpleader, with respect to this $35,000. This money, and the remaining claimants to this lawsuit are before the court. A decision regarding the rights to the $35,000 is required."[1]

---

[1] See GCR 1963, 210 and Committee Note thereunder (1 Honigman & Hawkins, Michigan Court Rules Annotated [2d ed], p 640):

"Rule 210 consists only of a statement of present law in rule form and attempts to make the device more readily available by spelling out the steps to be taken in a proper case."

A complaint in the nature of a bill of interpleader is addressed to the jurisdiction of equity and is of course determinable according to equitable principles. (*Maxim* v. *Shotwell* [1920], 209 Mich 79.)

Then, having determined that the $35,000 should be awarded to intervening claimant United States, Judge Ziem found and ruled:

"The silence of these parties to this lawsuit leaves the Court with no alternative but to apply the presumption as claimed by the Government.

"Roy Clark took no part in the trial of this matter. His wife, Anna Clark, also named as a party, gave no testimony regarding the $35,000.

"Shoefard Bice, and his wife, Anna Bice, the mother and father of Anna Clark, were involved in the proceedings, but never made any direct claim regarding the ownership of the $35,000.

"Roy Clark had the opportunity to present evidence, but declined to do so, as did Anna Clark.

"Shoefard Bice's brief stated that there were weaknesses in the Government's claim of a presumption, and, from the subpoena itself, one could infer the money belonged to either Roy Clark or Anna Clark.

"This is true. It is possible that all or part of the $35,000 belonged to Anna Clark. This fact could have been established by the testimony of Anna Clark, a defendant in this lawsuit. However, no evidence was presented at the trial by Anna Clark, although she had a full opportunity to do so.

"The real facts regarding the rightful owner of the $35,000, if known by the parties, were obviously not disclosed for the benefit of this court."

Then came Judge Ziem's announcement of "the following findings":

"One, that the money was not forcibly taken from the Bices, but was turned over in compliance with the subpoena.

"Two, that Judge Philip Pratt, Judge James Thorburn, and the officers, were not acting illegally, but were doing their sworn duty. The officers' ac-

tions in acquiring the money were a valid exercise of their duties.

"Three, that based upon the testimony, the money was not owned by either of the Bices.

"Four, that although the money was in the Bice's home, it is doubtful if it was even in their possession, although there is no question that it was in their home.

"Five, that based upon the evidence submitted, presumptively the money belonged to Roy Clark or Anna Clark.

"Six, that neither Roy Clark nor Anna Clark have made a claim for the money in their own behalf.

"Seven, that the United States Government has made a claim on behalf of Roy Clark and has raised a rebuttable presumption in favor of their position.

"Eight, that the effect of the presumption raised was to cast the burden of proof on the county, and the Bices, to rebut the presumption that the money is the property of Roy Clark.

"Nine, that the Government's position has not been rebutted by anyone.

"Ten, that the claim of the county of Oakland must fall, due to the failure to present any valid evidence in support thereof.

"Eleven, that in the absence of the unrebutted presumption raised by the Government, this money would probably have been returned to Shoefard Bice—but the presumption has been raised. Everyone has been given a full opportunity to rebut the presumption, no one did rebut the presumption, either by choice or otherwise, and thus, the presumption prevails.

"Twelve, the presumption raised would apply equally to Anna Clark, but she chose to make no claim herself. And no one presented any evidence in her behalf. The contrary is true in regard to Roy Clark. Although he made no claim himself,

the Government presented evidence and raised the presumption in his behalf.

"Thirteen, the Notice of Levy was properly served on the person having custody of the money, and had the effect of a valid seizure of the money in favor of the Government.

"Fourteen, no one has demonstrated that the money does not belong to Roy Clark, or, that anyone has rights to the money superior to the Government, and the money must be turned over to the Government pursuant to the levy, the presumption, and the testimony.

"And, fifteen, due to the fact that Roy Clark makes no claim for the money, this court retains jurisdiction over the money in the event of—the claim of the Government for the money fails.

"For the above reasons, this court rules that the order of August 21, 1967 is hereby vacated, and the subject $35,000 is ordered delivered to the United States of America."

The quoted findings constitute the sole and only basis upon which any equitable judgment upon interpleader might have entered. The appellants Bice, as well as the Clarks, were altogether too chary about the presentation of evidence, known only to them, upon which the claim of the Bices to the $35,000 might be sustained. As against this there was some proof, presumptive only it is true, that the money belonged to Roy Clark and hence was subject to the duly levied lien of the Government.

I would apply here the lead of the recently annotated case of *Stockham* v. *Stockham* (Fla, 1964), 168 So 2d 320 (4 ALR3d 539):[2]

---

[2] The annotation is headed "DISMISSING ACTION OR STRIKING TESTIMONY WHERE PARTY TO CIVIL ACTION ASSERTS PRIVILEGE AGAINST SELF-INCRIMINATION AS TO PERTINENT QUESTION."

"The distinction made in the cases is that the privilege against self-incrimination operates as a protection against one being required to incriminate himself in a criminal or other proceeding which might degrade him, however, in civil litigation where it is manifest the exercise of the privilege would operate to further the action or claim of the party resorting to the privilege against his adversary contrary to equity and good conscience, the party asserting privilege will not be permitted to proceed with his claim or action."

*To Conclude:*

I vote to affirm, not on ground occupied by Division 2 (23 Mich App 148, 149) that the Bices were without standing to intervene and claim, but rather by sustaining Judge Ziem's findings and his quoted view that what was presented before him was no more nor less than an action in the nature of interpleader. The action is purely equitable, and no court of professed conscience should award what manifestly is a criminally tainted bundle of currency to litigants who refuse to testify to their alleged right thereto. As between the remaining claimants, Mr. and Mrs. Bice on the one hand and the United States on the other, Uncle Sam has the stronger claim and was rightfully awarded the $35,000. The bills should be cleansed by putting them through the Federal Treasury.