A92A1070. CRENSHAW et al. v. STATE OF GEORGIA.
(425 SE2d 660)

POPE, Judge.

On February 28, 1990, a sale of cocaine was made from a room at the Admiral Benbow Inn in Decatur, Georgia to a confidential informant working for the DeKalb County Police Department. A few minutes after the sale took place, uniformed officers entered the room and arrested the three men present for violations of the Georgia Controlled Substances Act. One of the men arrested, Jimmy Tucker, had $24,202 on his person at the time of the arrest. Another man who was arrested had $1,875 in his possession. Tucker pleaded guilty to possessing cocaine with intent to distribute.

The State filed a complaint for forfeiture of the money pursuant to OCGA § 16-13-49. Tucker and the intervenors/appellants Carmen Crenshaw, Beverly Earley and Nathaniel Cody claimed the money found on Tucker at the time of his arrest. Tucker later withdrew his claim of ownership of the money and testified at trial that the appellants loaned him the money to use for the purpose of investing in a gospel supper club.

During a jury trial in this case, the trial judge directed a verdict for the State on the basis that the appellants lack standing to assert a claim against the property because they have no legally cognizable

interest in the property. Appellants appeal that ruling.

1. As we recognized in *Chester v. State of Ga.*, 168 Ga. App. 618, 619 (309 SE2d 897) (1983), "[t]here is no plethora of appellate decisions in Georgia on this issue, but it is clear that to have standing to contest a forfeiture a party must have at least some property interest in the subject matter of the condemnation proceeding. [Cits.] That interest may be one of ownership, lease holder, or secured party, but there must be some substantial interest. . . ." Accord *State v. Jackson*, 197 Ga. App. 619 (1) (399 SE2d 88) (1990). We are presented with the issue of whether a general unsecured creditor has an interest sufficient to confer standing in a forfeiture case concerning money loaned to another. We hold that a general unsecured creditor does not have a legally cognizable interest sufficient to grant it standing to challenge a forfeiture action against seized currency. See *Bloodworth v. State*, 185 Ga. App. 880 (366 SE2d 324) (1988) (holding that all of the money found in the defendant's purse, which was found in close proximity to controlled substances, was subject to forfeiture even though defendant presented evidence that most of the money was loaned to her for the legitimate purpose of repaying a debt). One who lends money to another retains no legal or equitable interest in the particular currency loaned. Generally, as in this case, even though the funds may be loaned only for a particular purpose, the creditor has no right to exercise dominion or control over the money once lent. *United States v. $47,875.00 in United States Currency*, 746 F2d 291, 293-294 (5th Cir. 1984) (parents who gave son money to finance oil venture had no legally cognizable interest in the seized currency); accord *United States v. Real Property Known as 36379 Little Mack &c.*, 1991 U. S. Dist. LEXIS 8586 (E. D. Mich. 1991) (parents who loaned son $20,000 to purchase property but took no secured interest in the property have no legally cognizable interest in the seized property).[1] Accordingly, the trial court did not err by directing a verdict in favor of the State.

2. Our holding in Division 1 makes it unnecessary to address appellants' remaining enumerations of error.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED NOVEMBER 17, 1992

*Michael J. Trost*, for appellants.

---

[1] Appellants contend that the 1991 amendment to OCGA § 16-13-49 is applicable to this case. Pretermitting this question, we hold that appellants lack a legally cognizable interest in the seized currency to grant them standing under either the pre-amendment or post-amendment version of OCGA § 16-13-49.

*Robert E. Wilson, District Attorney, Gregory J. Lohmeier, Assistant District Attorney,* for appellee.