## A97A2244. JACKSON v. STATE OF GEORGIA.
### (498 SE2d 159)

BEASLEY, Judge.

On December 31, 1996, the State instituted this in rem proceeding under OCGA § 16-13-49 for forfeiture of $1,048 belonging to Lillie Mae Jackson on grounds that the money was seized by a criminal investigator on December 10, 1996, in close proximity to cocaine, included proceeds derived or realized from a violation of the Georgia Controlled Substances Act, and was used or intended for use in a manner to facilitate violation of the Act. See OCGA § 16-13-49 (d) (2), (6).

Jackson was served on January 6, 1997. On February 5, she filed an answer, asserting that the money is not subject to forfeiture under the Code section, and that if it would otherwise be subject to forfeiture, she would qualify as an innocent owner under OCGA § 16-13-49 (e). She alleged that the money consisted of (1) payments to her for babysitting services, and (2) the proceeds of two January 3, 1997 Social Security checks she had cashed, one for $502 payable to her and the other for $585 payable to her son. She further alleged that the money was hidden in her bedroom because she has no bank account, that the drugs were allegedly found in the kitchen, and that she knew of no drugs in the house.

On March 13, the State served Jackson with a motion for judgment on the pleadings. It contended she did not comply with the strict pleading requirements of OCGA § 16-13-49 (o) (3) in that (1) the date of the Social Security checks listed in the answer was January 3, 1997, whereas the money was seized on December 10, 1996; (2) no transferor or date of acquisition of the babysitting money was specified; and (3) Jackson did not claim a cognizable interest in the Social Security check payable to her son.

On March 25, Jackson filed an amendment to her answer which sought to (1) correct the date of the Social Security checks to Decem-

ber 3, 1996 (explaining that the wrong date was inadvertently used by her attorney), name the son whose Social Security money she held, (2) provide a transferor and dates of acquisition of the babysitting money, and (3) declare that only she was permitted in her room where the money was found. The court granted the State's motions to strike Jackson's amendment to her answer and for judgment on the pleadings.

The two issues are whether Jackson should have been allowed to amend her answer to correct the error regarding the date of the Social Security checks and to supply the missing information concerning the babysitting money, and whether she has standing to contest the forfeiture of the proceeds of a check payable to her son. OCGA § 16-13-49 (o) and case law applying it govern.

1. OCGA § 16-13-49 (o) (3) requires the claimant to file a verified answer within 30 days after service of the summons and complaint and further provides that in "addition to complying with the general rules applicable to an answer in civil actions, the answer must set forth [the information specified in subsections (A) through (G)]." Subsection (D) and (F) respectively require "[t]he date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property," and "[a]ll essential facts supporting each assertion."

The next step is in the alternative. "If at the expiration of [the 30-day period] no answer has been filed, the court shall order the disposition of the seized property. . . ." OCGA § 16-13-49 (o) (4). "If an answer is filed, a hearing must be held within 60 days after service of the complaint unless continued for good cause. . . ." OCGA § 16-13-49 (o) (5).

In *Rojas v. State of Ga.*, 269 Ga. 121 (498 SE2d 735) (1998), the Supreme Court of Georgia has recently concluded that under OCGA § 9-11-81, the amendment provisions of OCGA § 9-11-15 of the Civil Practice Act, including the relation back provisions of OCGA § 9-11-15 (c), apply to forfeiture proceedings. Thus, "[a]mendments to answers in forfeiture proceedings are permitted, and they relate back to the initial answer, thus meaning that any amendment to an answer under § 16-13-49 must be considered to have been filed within the 30-day limitation of § 16-13-49 (o) (3), and must be considered in determining the legal sufficiency of a property owner's answer under § 16-13-49 (o) (3)." Id. at 123-124. To the extent that *Jarrett v. State of Ga.*, 220 Ga. App. 559, 561 (2) (472 SE2d 315) (1996), holds otherwise, it was overruled.

Since Jackson's amendment to her answer did supply the information required by OCGA § 16-13-49 (o) (3), the court erred in granting the State's motion to strike the amendment and for judgment on the pleadings.

2. The drug forfeiture statute requires a copy of the complaint

and summons to be served on "any person known to be an owner or interest holder and any person who is in possession of the property." OCGA § 16-13-49 (o) (2). An "interest holder" is defined as a secured party under Article 9 of the UCC or the beneficiary of a perfected security interest. OCGA § 16-13-49 (a) (6). "Owner" is defined as "a person, other than an interest holder, who has an interest in property and is in compliance with any statute requiring its recordation or reflection in public records in order to perfect the interest against a bona fide purchaser for value." OCGA § 16-13-49 (a) (7). Thus, by its terms, the statute does not require a party to have an ownership or security interest in property in order to have standing to contest its forfeiture.

The claimant in *Chester v. State of Ga.*, 168 Ga. App. 618 (309 SE2d 897) (1983), denied any property interest in cash seized from his residence but argued that standing to contest its forfeiture obtained from a superior right of possession. This argument fell short because "it is clear that to have standing to contest a forfeiture a party must have at least some property interest in the subject matter of the condemnation proceeding. [Cits.]" Id. at 619 (1).

In *Crenshaw v. State of Ga.*, 206 Ga. App. 271, 272 (1) (425 SE2d 660) (1992), the State filed a complaint for forfeiture of money found in the possession of Tucker at the time of his arrest after he sold cocaine to a confidential informant. Crenshaw and others sought to contest the forfeiture, claiming that the money had been loaned to Tucker by them. A directed verdict was authorized, for "a general unsecured creditor does not have a legally cognizable interest sufficient to grant it standing to challenge a forfeiture action against seized currency." Id. at 272 (1). It was reasoned that "the creditor has no right to exercise dominion or control over the money once lent. [Cits.]" Id.

Jackson did have a possessory interest in the proceeds of her son's Social Security check. In legal effect, she was a bailee of these funds. In bailments, it is the general rule that a bailee has a special right in bailed property and may maintain an action against a third party who has deprived the bailee of possession. See *White v. American Ins. Co.*, 53 Ga. App. 320 (185 SE 605) (1936); 8 AmJur2d, Bailments, § 263 (1980). Federal courts have held that a possessory interest in property by a bailee confers standing in a forfeiture action. See *United States v. $122,043 in U. S. Currency*, 792 F2d 1470, 1473 (II) (3) (9th Cir. 1986) and cits.; *United States v. $38,000 in U. S. Currency*, 816 F2d 1538, 1544 (II) (A) (2), (3) (11th Cir. 1987) and cits. We agree and thus hold that Jackson has standing to contest the forfeiture of the bailed property.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 18, 1998 

*James W. Smith,* for appellant.
*Timothy G. Madison, District Attorney, Kevin J. Guidry, Robin R. Riggs, Assistant District Attorneys,* for appellee.