### 53205. GENERAL FINANCE CORPORATION v. HESTER.

WEBB, Judge.

On October 1, 1973, West Side Auto Sales, a used car dealership owned by Marvin Watson, called General Finance Corporation (GFC) to request an automobile credit application for Gloria Tamplin to purchase a 1972 Cadillac Coup de Ville. A credit check was run and GFC agreed to handle the financing of the purchase. On December 14 a check for the purchase amount was issued by GFC to Gloria Tamplin and West Side Auto Sales. The first and only payment by the debtor to GFC was made on January 25, 1974. Subsequently GFC applied for the title in the name of Gloria Tamplin and attempted to perfect its security interest in the automobile, but the motor vehicle application was returned along with the original title issued to West Side Auto Sales because the documents were improperly signed. The original certificate, issued December 13, 1973, showed West Side Auto Sales as the owner and showed no liens on the automobile. No title certificate in the name of Gloria Tamplin reflecting GFC's security interest in the automobile was ever issued by the Georgia Motor Vehicle Certificate Title Department.

On July 22, 1974, Roy E. Hester, who was in the used car business, was approached by Marvin Watson, representing himself as the owner of West Side Auto Sales, with an automobile he wanted to sell. Hester made an offer which was accepted by Watson. The title Watson had was a replacement certificate of title issued in the name of West Side Auto Sales on July 19, 1974. Hester wrote out a check to Watson, a bill of sale was signed and Watson signed the certificate of title in blank. Hester telephoned the Motor Vehicle Certificate of Title Department on July 23 and was told that there were no outstanding liens against the motor vehicle in question. On July 26, GFC told Hester that it had a lien against the automobile and resubmitted to the Motor Vehicle Certificate of Title Department its application for title along with a power of attorney from Watson. Its security interest was perfected as of July 29, 1974.

GFC initially filed a foreclosure action against

Hester to regain possession of the automobile, but at the call of the case the issue was changed by agreement of the parties to recovery of value of the automobile. The trial court found in Hester's favor, GFC appealed and this court remanded with direction that the judgment be vacated, appropriate findings of fact and conclusions of law be made in compliance with Code Ann. § 81A-152 (a), and a new judgment entered. *General Finance Corp. v. Hester,* 137 Ga. App. 367 (223 SE2d 763) (1976). The subsequent judgment, finding that at the time he purchased the automobile Hester was a bona fide purchaser for value without notice of any claim or lien of GFC and had therefore secured a valid assignment of title, is here appealed.

We affirm. "As a result of the adoption of the Uniform Commercial Code, the only way to perfect a security [interest] in motor vehicles is by filing under the Motor Vehicle Certificate of Title Act." *Staley v. Phelan Finance Corp.,* 116 Ga. App. 1 (156 SE2d 201) (1967); Code Ann. §§ 109A-9—302(3), (4); 68-406a; 68-421a; 68-422a. "This court has held that a late-perfected security interest is not retroactively valid against an innocent third party who acquired the automobile for value. *First Nat. Bank &c. Co. v. Smithloff,* 119 Ga. App. 284 (167 SE2d 190)." *Harper v. Avco Financial Services,* 124 Ga. App. 6, 7 (183 SE2d 89) (1971). See also *GMAC v. Miller,* 138 Ga. App. 140 (225 SE2d 728) (1976); *Hopkins v. Kemp Motor Sales, Inc.,* 139 Ga. App. 471 (228 SE2d 607) (1976).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

SUBMITTED JANUARY 6, 1977 — DECIDED JANUARY 13, 1977.

*Lewis N. Jones, John A. Clark,* for appellant.
*Holcomb & McDuff, Terry E. Willis,* for appellee.