## 57229. STATE OF GEORGIA v. HALLMAN.

DEEN, Chief Judge.

When this case was here before (141 Ga. App. 527 (233 SE2d 839) (1977)) a judgment on the pleadings in favor of the state was reversed. Georgia had petitioned to condemn a motor vehicle used for transportation of drugs, record title to which was in the name of Powers (daughter of appellee Hallman) who had been a passenger in the automobile at the time of seizure. We held there that if Hallman had, as he contended, a security interest in the vehicle by reason of having paid the purchase money and taken a promissory note from his daughter, the parties agreeing that the property should stand as security, as between them the transaction was not void because the Motor Vehicle Certificate of Title Act had not been complied with. "The claimant who has failed to record his lien or otherwise make it known that he claims an interest in the property may have hard sledding when it comes to convincing the trior of fact, but he is not as a matter of law foreclosed from pursuing his claim." Id., p. 528.

However, our prophecy as to the difficulty of establishing the claim appears to have been premature. Hallman filed a motion for summary judgment to which were attached affidavits executed by him and by his daughter, the record owner of the automobile. Both swore that Powers borrowed the purchase money for the Volkswagen, that the fund was obtained from the Bank of Fulton County on the credit of her father who obligated himself to and did repay the note in monthly installments, and that she at the same time executed a promissory note to him marked "Until paid all rights and title to VW ID No. 1332546773 in Hugh Hallman."

No answer or counter-affidavit was filed by the condemnor. When a prima facie showing is made on

motion for summary judgment that the movant is entitled to judgment as a matter of law, the burden of proof then shifts. The opposite party must come forward with rebuttal evidence *at that time* or suffer judgment against him. *Smith v. Standard Oil Co.*, 227 Ga. 268, 271 (180 SE2d 691) (1971). In the light of the law enunciated on the prior appeal of this case, the motion for summary judgment and its accompanying affidavits established a prima facie case for the intervenor. The state utterly failed to controvert the facts sworn to in any particular, and a grant of summary judgment to Hallman was proper.

*Judgment affirmed. McMurray and Shulman, JJ., concur.*

SUBMITTED FEBRUARY 13, 1979 — DECIDED MARCH 2, 1979.

*Robert E. Keller, District Attorney, James W. Bradley, Assistant District Attorney,* for appellant.

*Reeves & Collier, Rex T. Reeves, Thomas C. Hays,* for appellee.