60104. STATE OF GEORGIA v. SEWELL et al.

DEEN, Chief Judge.

The state complains in this condemnation action against a Datsun seized by the state while being driven by the appellant James Sewell that the court, trying the affidavit of illegality filed by James Sewell and his mother Louise E. Sewell, found that the latter had a security interest in the vehicle to the extent of $5,800 purchase money. Thirty pounds of marijuana were confiscated at the time of the seizure.

1. "A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of, nor consented to the act or omission." Code § 79A-828 (4) (iii). There is no evidence that Mrs. Sewell was aware of the illegal use to which the Datsun was being put.

2. The sole remaining question is the nature of Mrs. Sewell's

interest in the vehicle. The trial court having found as a fact that she had a $5,800 security interest we must examine the record to determine whether there is sufficient supporting evidence of this conclusion in the record.

Mrs. Sewell had three children, and as to each she had advanced money toward the purchase of a motor vehicle. The siblings had each previously received the money recovered by their mother on a subsequent sale of the vehicle to be used to pay school tuition. In the case of James, his mother advanced $5,800 which was deposited in his savings account; the Datsun was then purchased for $7,100, James advancing the difference from his own funds, and title was taken in the joint name of the parties. Mrs. Sewell further signed the back of the title certificate, apparently with the purpose of protecting her son's interest in the car in the event of her death. Her uncontradicted testimony was that she let him have the $5,800 to use in buying the car ("call it a loan") and would have expected him, if he dropped out of school, to repay the money either from proceeds of the sale of the car or in installments. ("That was the agreement.") She did not intend for him to get more than his interest out of it on resale. She carried insurance on the vehicle in her own name, paid premiums, purchased tires and paid for repairs.

As to the parties, the creation of a security interest is a matter of contract or agreement between themselves. *Franklin Finance Co. v. Strother Ford,* 110 Ga. App. 365, 367 (138 SE2d 679) (1964). The state in a forfeiture proceeding is not in the position of a creditor or lienholder, but its interest is only to prevent a guilty party from further misusing the property. *Hallman v. State,* 141 Ga. App. 527 (2) (233 SE2d 839) (1977). One may hold or share legal title to personalty although the title is defeasible upon payment of the debt, at least where the money has been advanced and the purpose of its advancement is not disputed. This equitable interest, between the parties, is enforceable although not in writing. Further, it is not necessary that the security interest be shown upon the title certificate. *Franklin Finance Co. v. Strother Ford,* 110 Ga. App. 365, 367, supra. Where the state cannot be considered to occupy the position of a creditor or lienholder and only the parties themselves are involved in the determination of their status as owners, it would seem that prima facie the position of the defendants is that of co-owners of the property, but that the parol testimony, if believed by the trial court, sufficiently showed a course of conduct on the part of the mother of lending her children money to help them purchase automobiles, with the understanding that on the sale of the vehicle the sum would be advanced by her to pay tuition if the child was in school, but otherwise returned to her. This of course was her

contention in the present case. The testimony was sufficient, if believed by the trial court, to sustain a verdict for the amount of the advance in favor of the defendant Louise Sewell. The case thus differs from *Kirkland v. Crawford,* 136 Ga. App. 388 (221 SE2d 482) (1975) where a verdict against a defendant occupying the position of Mrs. Sewell, in that she advanced funds toward the purchase of a vehicle and took title in her own name, was affirmed, it being held that the question was one of fact for jury decision. The same applies to *Baker v. State,* 123 Ga. App. 394, 396 (2) (181 SE2d 288) (1971).

The evidence was sufficient to support the finding by the trial court that Mrs. Sewell had a security interest in the vehicle to the extent of the sum advanced by her. Cf. *State v. Hallman,* 149 Ga. App. 221 (253 SE2d 859) (1979).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JUNE 4, 1980 — DECIDED SEPTEMBER 5, 1980 — REHEARING DENIED SEPTEMBER 18, 1980 —

*Thomas J. Charron, District Attorney, James T. Martin, Assistant District Attorney,* for appellant.

*Hylton B. Dupree, Jr.,* for appellees.