## 66960. CHESTER v. STATE OF GEORGIA.

Deen, Presiding Judge.

On August 12, 1980, pursuant to former Ga. Code Ann. § 79A-828 (OCGA § 16-13-49), the State of Georgia filed a petition to condemn $50,948.00 cash which was found allegedly in close proximity to contraband drugs seized from the residence of Joseph Chester. Contending that Chester had no standing to contest the condemnation because in his answer to the petition he had denied any property right in the money, the state moved for summary

judgment, and the trial court granted that motion. On appeal, Chester asserts that standing to contest forfeiture proceedings obtains from a superior right of possession of the seized property rather than ownership, and that the trial court should have granted his earlier motions to dismiss which were based upon an allegedly inadequate verification of the petition for condemnation. *Held:*

1. There is no plethora of appellate decisions in Georgia on this issue, but it is clear that to have standing to contest a forfeiture a party must have at least some property interest in the subject matter of the condemnation proceeding. *Sacchinelli v. State,* 161 Ga. App. 763 (288 SE2d 894) (1982); *State of Ga. v. Sewell,* 155 Ga. App. 734 (272 SE2d 514) (1980). That interest may be one of ownership, lease holder, or secured party, but there must be some substantial interest greater than an asserted "superior right of possession" resulting from the mere fact that the property was seized from one's residence. (Code Ann. § 79A-828 required notice of a condemnation proceeding be given to the owner or lessee of the property; OCGA § 16-13-49 (e) (Code Ann. § 79A-828) in addition requires notice to any person having a duly recorded security interest in the property.) This is consistent with the general rule followed in other jurisdictions. See United States v. Fifteen Thousand Five Hundred Dollars, 558 F2d 1359 (9th Cir. 1977); United States v. One 1967 Chris-Craft, Etc., Boat, 423 F2d 1293 (5th Cir. 1970); United States v. Eleven Thousand Five Hundred and Eighty Dollars, 454 FSupp. 376 (M.D. Fla. 1978).

The appellant's reliance upon County of Oakland v. Bice, 386 Mich. 143 (191 NW2d 338) (1971) and People v. Rosa, 11 Mich. App. 157 (160 NW2d 747) (1968), is misplaced, as those cases involve a party's right to seek return of property seized during an illegal search. There was no illegal search and seizure in the instant case, and the Fourth Amendment principles expounded in Bice and Rosa do not apply here.

In his answer to the state's petition to condemn, the appellant denied any property interest in the $50,948.00 sought to be condemned, and there was no formal withdrawal or amendment of that pleading. However, the issue of ownership of the money was contested at the hearing on summary judgment, and other evidence such as the appellant's testimony from the prior criminal proceeding contradicted an absolute denial of any property interest in all of the $50,948.00. Consequently, the appellant's answer may not now be considered an admission in judicio that barred him from showing to the contrary. See *Stephens v. Tate,* 147 Ga. App. 366 (249 SE2d 92) (1978); *Space Leasing Assoc. v. Atlantic Building Systems,* 144 Ga. App. 320 (241 SE2d 438) (1977). Even in the prior criminal proceeding, however, the appellant emphatically denied any

knowledge or ownership of $32,910 seized from a desk drawer, and summary judgment was appropriate for that amount.

Concerning approximately $14,000 found along with a Colt .45 pistol in a brown attache, the appellant testified (at the criminal proceeding) that he owned a Colt .45 pistol and often had large sums of money at home but that he did not know if that money was his. The appellant did claim ownership of $6040 supposedly found in a shaving kit. This evidence was sufficient to establish an issue of fact over the ownership of the remaining $18,038 ($50,948 − $32,910), and the trial court erred in granting summary judgment for that portion of the money sought to be condemned. (The above figures may raise the question of whether the state actually seized more money than it sought to condemn, but that matter is irrelevant to the question of whether $50,948 may properly be condemned.)

2. OCGA § 16-13-49 (e) (and former Ga. Code Ann. § 79A-828 (e)) requires that the petition for condemnation be "verified by a duly authorized agent of the state." In this case, the appellant contends that the district attorney's verification, which stated that the facts set forth in the petition were true and correct to the best of his knowledge and belief, was legally insufficient. The appellant relies upon *Carter v. Hayes,* 214 Ga. 782 (107 SE2d 799) (1959) and *Kilgore v. Paschall,* 202 Ga. 416 (43 SE2d 520) (1947), which held that such a verification, as opposed to one reciting personal knowledge, is not a positive verification of a petition as contemplated by former Ga. Code Ann. § 81-110 (OCGA § 9-10-110). That statutory section, however, pertains to petitions for restraining orders, injunctions, receivers, or other extraordinary equitable relief, and does not apply here. We conclude that in petitions for condemnation, a district attorney's verification that the allegations are true and correct to the best of his knowledge and belief is a proper verification "by a duly authorized agent of the state."

*Judgment affirmed in part; reversed in part. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 26, 1983.

*Donald O. Nelson,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.