68951. MORGAN v. STATE OF GEORGIA.
(323 SE2d 620)

Deen, Presiding Judge.

The State filed a libel for condemnation petition for forfeiture of a DC-3 airplane, a truck, a trailer and the contents of the vehicles. Robert Morgan, who was named as the registered owner of the airplane and its contents, brings this appeal from a judgment entered on a jury verdict following the denial of his motion for a new trial.

1. Appellant first contends the trial court erred in charging the jury that "the burden is on the claimant to prove to you that he had no knowledge or reasonable belief that the aircraft was being or would be used in violation of the laws of this state relating to controlled substances."

OCGA § 24-4-2 (Code Ann. § 38-104) provides: "What amount of evidence will change the onus or burden of proof is a question to be decided in each case by the sound discretion of the court." Prior to giving the complained of charge, the court charged the jury that the burden of proof lies "upon a party asserting a fact and to the existence of whose case or whose defense the proof of such facts is essential. This burden is met by proving such facts by a preponderance of the evidence." The judge further charged that the State had the burden of proving its case by a preponderance of the evidence, that the jury determined the credibility of the witnesses, where the preponderance of the evidence lies, the difference between direct and circum-

stantial evidence, and the law permitting the condemnation and forfeiture of conveyances, including aircraft, which transport· controlled substances.

OCGA § 16-13-50 (a) (Code Ann. § 79A-829), relating to the burden of proof as to exemptions or exceptions to the forfeiture law, states: "It is not necessary for the state to negate any exemption or exception . . . The burden of proof of any exemption or exception is upon the person claiming it." Appellant is obviously relying upon the exception contained in OCGA § 16-13-49 (a) (4) (B): "No conveyance is subject to forfeiture . . . by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent." However, after the State made out a prima facie case that the airplane in question contained marijuana residue and two tablets of methaqualone and had been used previously in transporting contraband drugs, the defendant did not present any evidence to show his lack of knowledge or consent. Once the State made out a prima facie case "[t]he burden of introducing testimony, or the burden of evidence, moved to the defendant." *Dept. of Revenue v. Stewart*, 67 Ga. App. 281, 287 (20 SE2d 40) (1942). When this charge is considered as a whole, we find no error. *State v. McNeill*, 234 Ga. 696 (217 SE2d 281) (1975).

2. The trial court did not err in utilizing its discretion to amend the pre-trial order and allow the introduction of plaintiff's exhibits four and five. Appellant's counsel knew that the district attorney was requesting a modification of the pre-trial order to permit the testimony of the superintendent of the Florida correctional institute where Morgan was incarcerated, but made no pre-trial objection. A witness need not be listed in the pre-trial order to be called at trial. *Ambler v. Archer*, 230 Ga. 281, 287 (196 SE2d 858) (1973). The decision as to whether to modify a pre-trial order is within the trial court's discretion. *Ambler v. Archer*, supra; *Klemme Cattle Co. v. Westwind Cattle Co.*, 156 Ga. App. 353, 355 (274 SE2d 738) (1980); *Allstate Ins. Co. v. Reynolds*, 138 Ga. App. 582, 587 (227 SE2d 77) (1976). We find no abuse of the trial court's discretion in allowing the order to be amended so the superintendent could testify. Exhibits 4 and 5 are log records kept at the prison where appellant was incarcerated and pertain to his visitors on April 18, 1983. The Superintendent testified these records indicate a visit from his attorney and Brockton Bailey. Bailey testified as to his illicit drug activities involving Morgan, the use of appellant's airplane for transporting illegal drugs in 1980 and his arrest when the airplane was seized. We find no abuse of the trial court's discretion in permitting these exhibits into evidence as the State was anticipating that Morgan would present a defense that the airplane was used without his knowledge because it was stolen.

3. In his remaining enumerations of error appellant contends that the trial court erred in denying his motions for a directed verdict and for a new trial. As stated in Division 1 above, the appellee presented a prima facie case which appellant failed to rebut. We find no error.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1984 —
REHEARING DENIED OCTOBER 15, 1984 

*Thomas M. Strickland,* for appellant.

*Lindsay A. Tise, Jr., District Attorney, Barry G. Irwin, Assistant District Attorney,* for appellee.