## 71160. HILL v. STATE OF GEORGIA.
(343 SE2d 776)

BEASLEY, Judge.

The claimant below appeals from the judgment condemning over $6,000 and forfeiting it to the state under authority of OCGA § 16-13-49. Although he raises numerous errors, the resolution of two controls. One relates to due process and is whether Hill had a fair opportunity to show that he had an interest in the property and thus standing to challenge the forfeiture. If he did, then the next question is whether he established standing, which the trial court found that he did not.

1. Appellant claims he was denied due process under our state constitution because the local rules of court then in effect require that on all motions involving questions of fact, the evidence is to be presented by affidavits or depositions unless the court otherwise directs at least three days in advance of the hearing. Rule 20 (a), Local Rules for the Superior Court of Fulton County. That eliminates the need for live testimony unless a party desires it and obtains permission of the court in advance. Obviously, permission would not be granted ex parte, else the opponent would have no opportunity to rebut it.

The case came before the court on a regularly scheduled motions calendar on Hill's "Petition to Intervene" after a previous judgment condemning the funds had been set aside because Hill had not had notice of the proceedings. In the order, the court had concluded that since Joe Hill was named on the affidavit for the search warrant, he was a known "possible 'owner'" of the money so his "Petition to Intervene" would be heard. The "Petition" claimed that a goodly portion of the money was his and not Cora Mae Hill's, that it was not used for any illegal activity, and that he was entitled to the return of

over $3,000 of it. The "Petition" was in effect a claim upon the property and a defense to the action for condemnation filed by the district attorney, as contemplated by the code section setting out the special libel condemnation proceeding. It provides simply that: "At the expiration of 30 days after such filing, if no claimant has appeared to defend the action, the court shall order the disposition of the seized merchandise as provided for in this Code section." Although the section does not spell it out, obviously if a claimant appears within the time provided, a hearing must be had on his claim and he must be given the opportunity to present whatever evidence he desires to prove the property is his.

When the court set aside the previous judgment on the ground that Hill had not had the opportunity to present his claim, it set the stage for him to do so and that was the purpose for which the case was set on the motions calendar, even though it was technically not a "motion" but rather a claim upon the funds and a defense against the condemnation and forfeiture of them. This appellant obviously recognized; when the state's attorney asked whether appellant wished to proceed, and appellant asked, "Have you rested?" the state responded: "We are on your motion to intervene." Appellant replied: "I was under the impression that we had been granted the right to intervene. Is that not correct, Your Honor?" Before the clerk could answer, the state interjected that it had a live witness, and appellant objected. "If [the motion to intervene] is what we are hearing . . ."

The court agreed with appellant that "the right to be heard, to contest the condemnation of this money" had already been ruled on. That, of course, was the effect of setting aside the previous judgment and setting the matter down for a hearing on appellant's "Petition," i.e., his claim. Thus this was not a motion hearing, as appellant well recognized, and the local rule regarding no live testimony did not apply.

This was instead a hearing on the claim which had been filed and denominated a "Petition to Intervene." The parties had a right to present oral testimony. As part of the proceeding contemplated by the statute, due process would require adequate notice and an adequate hearing to the owner. The "presentation of oral testimony at the hearing" is contemplated as part of this proceeding. See *Tant v. State*, 247 Ga. 264 (275 SE2d 312) (1981), regarding this statute's predecessor; the fundamentals of due process are, however, the same.

Moreover, appellant did not invoke a ruling by the court on the objection; rather, the subject was changed. The court had agreed that this was not a hearing on whether Hill should be *allowed* to assert a claim to the money and defend against the condemnation. When the state did call and examine its live witness in connection with the dispute as to whether claimant had any entitlement to the funds, appel-

lant did not object and instead cross-examined him on the subject. Thus, even if this was a motion hearing, the objection was waived, procedurally. *Sutphin v. McDaniel*, 157 Ga. App. 732, 733 (1) (278 SE2d 490) (1981).

2. "[I]t is clear that to have standing to contest a forfeiture a party must have at least some property interest in the subject matter of the condemnation proceeding." *Chester v. State of Ga.*, 168 Ga. App. 618, 619 (1) (309 SE2d 897) (1983). All we have in this case is the unsworn statements in the "Petition to Intervene" that claimant owns $3,460 of the money seized and it was not the funds of Cora Mae Hill, plus an affidavit filed in connection with the motion to set aside. Of course, those were not evidence in the hearing on the claim. Moreover, they do not even rebut the prima facie case made by the state and enlarged on by evidence produced by it at the hearing. It was shown that the property seized was claimed by Cora Mae Hill, the only person charged and convicted of the related drug offense, and that she resided at the house when the money was seized and acknowledged that all the money was hers. Claimant offered no evidence whatsoever and thus established no right to complain of the forfeiture. The burden was on him to establish his claim. *First Bank & Trust of Jonesboro, Ark. v. State of Ga.*, 150 Ga. App. 436 (2) (258 SE2d 59) (1979). Once he did, he would be able to contest the forfeiture to the state of the property. This is an in rem proceeding. *Lang v. State*, 168 Ga. App. 693, 694 (2) (310 SE2d 276) (1983). If a person had no interest in the property, he could not very well be heard to complain of its forfeiture; as a stranger to it, he would be a mere member of the public volunteering to challenge the entitlement of the state to the property. For such the statutory procedure makes no provision, and it must be strictly construed. *Lang v. State*, supra at 695 (4).

Other claimed errors relate to motions which were not before the court in the hearing below and thus were not ruled on there. Although appellant asked for a continuance of the claim hearing so that the recently filed motion relating to discovery could be heard, he did not appeal the denial of that continuance. Thus, as to these matters, there is nothing for us to review.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 20, 1986 —
REHEARING DENIED APRIL 3, 1986 — ■■■■■■

*Robert M. Goldberg*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jesse L.*

*Echols, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.