A89A0884. MAY v. MACIOCE.
(382 SE2d 198)

DEEN, Presiding Judge.

The appellant, William May, made an arrangement with Pete Eller for Eller to go to Germany and purchase a Mercedes automo-

bile, and provided Eller with $23,000 for that purpose. Eller, however, never delivered a Mercedes and returned only $3,000 of the money. On January 23, 1986, Eller's wife executed a bill of sale transferring her right to her own Mercedes to May, and an agreement with May providing that the bill of sale would be "null and void" if the Ellers paid all the installments due on a loan that May obtained later. Under this arrangement, Eller's wife retained possession and use of her Mercedes.

Eller, however, owed Virginia Higginson and Richard Balkcum for money received from them under a similar deal he had with May. Higginson and Balkcum obtained a judgment against Eller for $19,090.15. On July 3, 1986, Higginson and Balkcum and a marshal went to Eller's place of business for levy and execution upon the judgment. Eller pointed out his wife's car, indicated it was his, and surrendered it to the marshal. On July 28, 1986, the marshal sold the vehicle for $7,500 at public sale to Higginson and Balkcum, who sold the car for $13,000 to the appellee, John Macioce. Macioce later obtained a Georgia certificate of title on the vehicle.

May did not learn of the levy and execution sale until after the fact, and Higginson and Balkcum would not tell him to whom they had sold the car. In July 1987, however, May discovered the whereabouts of the car, went to Macioce's home, and took the car. He returned to South Carolina and eventually obtained a South Carolina certificate of title.

Macioce commenced this action against May, Higginson, and Balkcum. The trial court granted summary judgment for Higginson and Balkcum on Macioce's complaint and May's cross-claim, and also granted summary judgment for Macioce against May on the issue of liability. May originally proceeded to appeal all of the above, but ultimately brought up only this appeal from the grant of summary judgment for Macioce. *Held*:

"The law has wisely provided that a purchaser at judicial sale is bound only to see that the officer has competent authority to sell, and is apparently proceeding to sell under the prescribed forms. Civil Code § 5454 [presently, OCGA § 9-13-168]. Further than this he is not required to investigate, so far as the sale is concerned. And if the sale has taken place under a valid judgment against the defendant in execution and has occurred at the time and place prescribed by law, and was conducted apparently under the prescribed forms, an innocent purchaser at such sale acquires a title to the property sold, *provided the defendant in execution had a good title to the same at the date of the judgment, or acquired such title between the date of the judgment and the date of the levy.*" *Johnson v. Equitable Securities Co.*, 114 Ga. 604, 607-608 (40 SE 787) (1901). (Emphasis supplied.)

In construing Code sections essentially the same as present

OCGA §§ 9-13-167; 168, the Supreme Court has held that "the purchaser must determine for himself the validity of the judgment and the execution issued thereon, the levy made by the sheriff and the sale or deed of the property. He buys at his peril insofar as the judgment, the levy, and the deed are concerned; and where, as here, the deed conveyed no title because the defendant in fi. fa. had no leviable interest in the property, he acquired no title." *Milam v. Adams*, 216 Ga. 440, 442 (117 SE2d 343) (1960).

We agree with Macioce that May's security interest in the vehicle is unperfected. OCGA §§ 40-3-51 through 40-3-53; *General Fin. Corp. v. Hester*, 141 Ga. App. 28 (232 SE2d 375) (1977). Nevertheless, an unperfected security interest is superior to no interest at all. There is positive evidence in the record that the defendant in execution had no title whatsoever in the vehicle. Accordingly, there is at least an issue of fact over whether Macioce acquired any title in the vehicle, and the trial court erred in granting summary judgment for Macioce.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 8, 1989.

*Maria S. Georgeton*, for appellant.
*Chuck R. Pardue, Daniel J. Craig*, for appellee.