A90A2163. STATE OF GEORGIA v. JACKSON.
(399 SE2d 88)

DEEN, Presiding Judge.

The State sought forfeiture of a motorcycle seized pursuant to OCGA § 16-13-49, and appeals from an order releasing the vehicle to one of the co-owners.

The motorcycle was seized pursuant to a drug investigation while it was in the possession of Edward L. Jackson. It is undisputed that the vehicle was co-owned by Edward L. Jackson and Twana Jackson, who were both named as defendants and served with the State's condemnation action filed on September 8, 1989. The State initially alleged in the condemnation action that both defendants knew or should have known that the motorcycle was being used for a criminal purpose and was subject to forfeiture. Edward L. Jackson made no timely response to the condemnation action. Twana Jackson filed a timely sworn answer to the action in which she denied having knowledge that the motorcycle was used for an unlawful purpose, and claimed that, as co-owner of the vehicle, she was entitled to its immediate return.

On May 29, 1990, the State filed a "Request For Final Order,"

seeking an order from the trial court condemning the "undivided one-half interest" of Edward L. Jackson in the motorcycle and directing the disposition of the property pursuant to OCGA § 16-13-49. There is nothing in the record to support the State's allegation that Edward L. Jackson's interest as co-owner was a one-half undivided interest. In its request the State admitted that it was unable to show that Twana Jackson participated in any unlawful use of the motorcycle, or had any knowledge that the property was being used for a criminal purpose. After a hearing on the State's request, the trial court entered an order dated July 5, 1990, releasing the motorcycle to Twana Jackson. *Held*:

1. This appeal requires that we construe the meaning of the forfeiture statute at OCGA § 16-13-49 as it applies to a vehicle with two owners, one of which, as the State concedes, was an innocent owner. The relevant parts of the statute provide that: "(a) The following are subject to forfeitures . . . (4) All conveyances, including aircraft, vehicles, or vessels, which are used, or intended for use, to transport, hold, conceal, or in any manner to facilitate the transportation, for the purpose of sale or receipt, of property described in paragraph (1) or (2) of this subsection, but . . . (B) No conveyance is subject to forfeiture under this Code section by reason of any act or omission established by the owner thereof to have been committed or omitted without his knowledge or consent . . . (C) A forfeiture of a conveyance encumbered by a bona fide security interest is subject to the interest of the secured party if he neither had knowledge of nor consented to the act or omission . . . (e) . . . A copy of the [State's] action [for condemnation of the property subject to forfeiture] shall be served on the owner or lessee, if known. If the owner is known, a copy of the action shall also be served upon any person having a duly recorded security interest in or lien upon that merchandise . . . At the expiration of 30 days after such filing [of the State's condemnation action], if no claimant has appeared to defend the action, the court shall order the disposition of the seized merchandise as provided for in this code section. If the court determines that a claimant defending the action knew or by the exercise of ordinary care should have known that the merchandise was to be used for an unlawful purpose subjecting it to forfeiture under this chapter, the court shall order the disposition of the seized merchandise as provided herein and that claimant shall have no claim upon the merchandise or proceeds from the sale thereof."

Construction of the statute is necessary because it does not explicitly address the forfeiture of co-owned property. In construing a statute a cardinal rule is that the court must first ascertain the legislative intent in enacting the law and then construe the law to implement that intent. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). This court has further held that the forfeiture statute must be

strictly construed. *Lang v. State*, 168 Ga. App. 693, 695 (310 SE2d 276) (1983). With these principles in mind we find that, with respect to the issues at hand, the statute sets out and balances two legislative intentions: (1) the prompt disposition of property subject to forfeiture under the statute (*State v. Britt Caribe, Ltd.*, 154 Ga. App. 476, 477 (268 SE2d 702) (1980)); and (2) the protection of property interests of innocent owners, as defined by the statute. See generally *Lummus v. Hopkins*, 31 Ga. App. 274, 275 (120 SE 546) (1923) (construing condemnation provisions of Georgia Prohibition Act of 1917). Our task is to apply the statute in a manner that gives effect to those balanced intentions.

Although the term "owner" as used in the statute is ambiguous because it does not contemplate the forfeiture of co-owned conveyances, it is logical to construe that the legislature intended that term to apply to owners to the extent of their interest in property subject to forfeiture. This construction would allow the State to condemn the property interests of wrongdoers, and those otherwise failing to qualify as innocent owners under the statute, while at the same time preserving the interests of innocent owners. It is also consistent with the treatment accorded by the statute in the analogous case of innocent holders of bona fide security interests in forfeited property. See *State v. Sewell*, 155 Ga. App. 734 (272 SE2d 514) (1980). Furthermore, by recognizing individual ownership interests, we adhere to the concept that claimants who contest forfeiture under the statute have standing only to the extent of their interests in the property. "That interest may be one of ownership, lease holder, or secured party. . . ." *Chester v. State of Ga.*, 168 Ga. App. 618, 619 (309 SE2d 897) (1983). See *Hill v. State*, 178 Ga. App. 563, 565 (343 SE2d 776) (1986). We further note that even though the statute refers only to service of the condemnation action on "the owner," the legislature clearly intended that all those having an ownership interest in the property be served.

A number of jurisdictions has construed the effect of similar language under their respective forfeiture statutes. Some have reached the conclusion that the entire property may be forfeited despite the claims of innocent co-owners. See *People v. Garner*, 732 P2d 1194 (Colo. 1987); *In re Forfeiture of 1978 BMW Auto.*, 524 S2d 1077 (Fla. App. 2 Dist. 1988); *State v. One 1968 Buick Electra &c.*, 301 A2d 297 (Del. Super. 1973). Others have decided that the ownership interests of the innocent co-owners prevents forfeiture of any portion of the property. See *Matter of 1979 Dodge Van*, 721 P2d 683 (Ariz. App. 1986); *State v. One 1984 Toyota Truck*, 533 A2d 659 (Md. 1987). In our view the better reasoned approach, and the one consistent with the intention of our legislature, is a construction which allows forfeiture of the property interest of the wrongdoer and those who knew or should have known of the criminal use of the property, and provides

protection to innocent owners to the extent of their property interest. Accord *In re Forfeiture of $53*, 444 NW2d 182 (Mich. App. 1989).

Although it is undisputed that Edward L. Jackson and Twana Jackson co-owned the motorcycle, there is no transcript of the proceedings, and the record does not disclose any determination by the trial court, agreement or other evidence sufficient to disclose the nature or percentages of the co-held interests. Accordingly, this case must be remanded to the trial court for a determination of the nature and respective extent of the individual interests held by the co-owners. In the usual case, where property is held by co-owners as tenants in common as to their percentage interests, with each having the right to full use and possession of the entire property, the property may be forfeited under the terms of the statute to the extent of the wrongdoer's interest, and may not be forfeited to the extent of the interest of the innocent owner, except where there has been compliance with the notice provisions of the statute and the innocent owner fails to contest the forfeiture. See generally *Allstate Ins. Co. v. Ammons*, 163 Ga. App. 385, 386 (294 SE2d 610) (1982) (tenants in common have undivided interest and right to use and possess the entire property); OCGA § 44-6-120 (tenancy in common defined).

A different rule has been applied in other jurisdictions to property held by co-owners with a right of survivorship. These cases have focused on the unique aspects of a tenancy by the entirety between spouses, which gives the co-owner not only an undivided interest in the whole property, but also a life estate and survivorship interest, which remains unaffected by the other co-owner's unilateral actions or liabilities. Accordingly, some courts have held that such property cannot be forfeited as a result of its use in a criminal activity by one spouse acting alone. See *United States v. One Single Family Residence*, 894 F2d 1511 (11th Cir. 1990) (applying Florida law); *State v. U. S. Currency*, 570 A2d 1304 (N. J. Super. 1990). Georgia has referred to tenancy by the entirety as " 'a species of joint tenancy' " or " 'the nomenclature for a joint tenancy between husband and wife.' " *Sams v. McDonald*, 117 Ga. App. 336, 340 (160 SE2d 594) (1968). The right to create a joint tenancy in property with the right of survivorship in two or more persons is set out by statute. OCGA § 44-6-190. "While the doctrine of survivorship as applied to joint tenancies has been distinctly abolished and does not exist in this State, there is no law of this State that we are aware of which prevents parties . . . from expressly providing that an interest in property shall be dependent upon survivorship." *Williams v. Studstill*, 251 Ga. 466, 468 (306 SE2d 633) (1983). One co-owner acting alone under such an agreement cannot defeat the contingent remainder of the other. Id. at 469. On the present record we find no evidence of such an interest having been created in the property at hand, and we reach no conclusions as

to the application of OCGA § 16-13-49 to property held by co-owners with a right of survivorship.

When a co-owner asserts the innocent owner exception under the statute, the respective burdens of proof remain unchanged. In a condemnation action the state must first carry its burden of proof by a preponderance of the evidence to establish a prima facie case for forfeiture of the property. *Bloodworth v. State*, 185 Ga. App. 880 (366 SE2d 324) (1988). A co-owner invoking the innocent owner exception has a two-fold burden. See OCGA § 16-13-50 (a). First, in order to establish standing to contest the forfeiture the co-owner has the burden of proving the nature and extent of his interest in the property. See *Hill*, supra at 565; *Chester*, supra at 619.[1] Second, the co-owner must prove by a preponderance of the evidence that he is entitled to the exception as defined by the statute. *Morgan v. State*, 172 Ga. App. 375, 376 (323 SE2d 620) (1984); OCGA § 16-13-49 (a) (4) (B) and (e).

2. There is no merit in appellee's complaint that the State is not entitled to condemn any interest in the property because it failed to follow the procedural requirements of OCGA § 16-13-49. The State first sought condemnation of the entire motorcycle, and then by its subsequent request, conceded the innocent ownership interest of Twana Jackson and sought only to condemn the interest of Edward L. Jackson. Appellee correctly states that the condemnation action is a special statutory proceeding and must be strictly construed. *Lang v. State*, supra at 695-696. The record shows the State has complied with the statutory scheme. Even if the State's later request for an order condemning only a portion of the property was not explicitly provided for by the statute, it was consistent with our construction of the underlying legislative intent, and the State's concession that appellee lacked knowledge of the wrongdoing was to her benefit. Since OCGA § 16-13-49 does not declare a penalty for lack of strict compliance, nor otherwise prohibit the procedure followed by the State, the statute is regarded as directory under these circumstances and substantial compliance is sufficient. Id. at 695-696; *Middleton v. Moody*, 216 Ga. 237, 241 (115 SE2d 567) (1960).

In light of this analysis, we find the trial court erred by ordering

---

[1] We take note that in addressing the issue of standing it may be appropriate in some circumstances for courts to look beyond a bare allegation of legal title to determine whether the formal holder of title is nothing more than a "strawman" designed to conceal the illegal affairs of others. "[P]eople engaged in illegal activities often attempt to disguise their interests in property by placing title in someone else's name. The criminal's need to hide his ownership of property is especially acute when the property itself is used in the illegal activity. . . ." *United States v. One 1977 36 Foot Cigarette Ocean Racer*, 624 FSupp. 290, 295 (S. D. Fla. 1985). In such cases proof of bare legal title may not be sufficient to establish standing.

the release of the motorcycle to Twana Jackson. The order of release is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed and case remanded. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 7, 1990 —
REHEARING DENIED NOVEMBER 19, 1990 —

*Ralph Van Pelt, Jr., District Attorney, Ronald M. Adams, Assistant District Attorney*, for appellant.

*Gleason & Davis, John W. Davis, David J. Dunn, Jr.*, for appellee.