## A91A0150. MAY v. MACIOCE et al.
### (409 SE2d 45)

BEASLEY, Judge.

This case involves competing claims to a Mercedes automobile. Appellant May had an unperfected, i.e., unrecorded, security interest in the car, but he allowed Eller's wife, who owned the vehicle, to retain possession. The car was levied upon in order to satisfy a judgment obtained against Eller by appellees Higginson and Balkcum, who purchased the car at the judicial sale and in turn sold it to appellee Macioce. May ascertained the whereabouts of the car and seized it from Macioce, who instituted this action against May for conversion of the car, as well as Higginson and Balkcum for misrepresentation (as to their ownership of the car).

The trial court entered summary judgment in favor of Macioce against May on the issue of liability. Since there was evidence that Macioce had not acquired any title in the car, because the defendant in execution (Eller) was without title, and since May's unperfected security interest is superior to no interest at all, this Court reversed the grant of summary judgment to Macioce, holding that there was "at least an issue of fact over whether Macioce acquired any title in the vehicle. . . ." *May v. Macioce*, 191 Ga. App. 491, 493 (382 SE2d 198) (1989).

On remand, Macioce amended his complaint to allege that he has a protected interest because under the UCC an innocent purchaser for value (Higginson and Balkcum, who sold to Macioce) has priority over an unperfected security interest (May's). His theory was that May's failure to perfect his security interest, while allowing Eller to remain in possession of the car, resulted in the car's being levied upon as though it belonged to Eller, ultimately to be transferred to an innocent purchaser for value (Macioce) pursuant to the judicial sale. Although returning a verdict in favor of Higginson and Balkcum, the jury also returned a verdict against May on Macioce's complaint, awarding Macioce compensatory and punitive damages.

May enumerates as error the trial court's denial of his motions for directed verdict, j.n.o.v., and new trial. He argues that the evidence demanded a verdict in his favor. May also enumerates as error the trial court's refusal to allow him to call Higginson's and Balkcum's attorney as a defense witness.

1. Under the Uniform Commercial Code, OCGA § 11-9-302 (3), and the Motor Vehicle Certificate of Title Act, OCGA §§ 40-3-20; 40-3-50; 40-3-51, the rights of the holder of an unperfected security interest in an automobile are subordinate to the rights of an innocent third party who acquires the automobile for value. *General Fin. Corp. v. Hester*, 141 Ga. App. 28 (232 SE2d 375) (1977).

In the present record, there are material issues of fact as to whether Macioce was such an innocent third party. The jury was authorized in finding that he was. It is true that his claim to the car as a purchaser at a judicial sale is ultimately unavailing. A purchaser at a judicial sale does not acquire title unless the defendant in execution has good title, *Johnson v. Equitable Securities Co.*, 114 Ga. 604, 607 (40 SE 787) (1901), which Eller did not. However, this does not negate his superior rights as against the unperfected secured party under the UCC. Cf. *Hudson v. Gaines*, 199 Ga. App. 70 (403 SE2d 852) (1991) (holding that notwithstanding disclaimers of title in a state-issued certificate of title executed by the seller of an automobile to a purchaser, under the UCC the buyer may still have an express or implied warranty of title by reason of the agreement or conduct of the parties). Macioce's rights under the UCC, adjudicated in this proceed-

ing, would entitle him to issuance of a certificate of title upon proper documentation. OCGA § 40-3-21. The jury was authorized in returning its verdict in favor of Macioce under this theory of recovery.

2. May argues that since the evidence continues to show that he had an unperfected security interest in the Mercedes and that Macioce acquired no title through the judicial sale, the "law of the case" rule compels reversal of the judgment, and for this reason the trial court erred in not granting his motions for directed verdict and j.n.o.v.

Appellate court holdings as to pleadings and evidence are not binding as the law of the case, where the evidentiary posture of the case in the trial court changes subsequent to the appellate court decision. *Modern Roofing & Metal Works v. Owen*, 174 Ga. App. 875, 876 (1) (332 SE2d 14) (1985). Macioce amended his complaint, and this led to a change in the evidentiary posture.

3. In refusing to allow May to call Higginson's and Balkcum's attorney as a witness, the trial court ruled, "[u]nder the facts of this case . . . given the stage of the proceedings we're at, the difficulties involved and the other ramifications involved, I'm going to exercise the discretion I feel I have and not allow the calling of counsel as a witness."

Appellees point out that appellant was aware of counsel's role in the sale of the car and failed to give notice of his desire to call him as a witness until the trial had almost concluded. Appellant cites no authority in support of the contention that the court abused its discretion or had none in the matter tardily raised. Accordingly, this enumeration is without merit. See Code of Professional Responsibility, Canon 5, DR 5-102 and EC 5-9; *Timberlake v. State*, 246 Ga. 488, 500 (7) (271 SE2d 792) (1980); *Castell v. Kemp*, 254 Ga. 556 (331 SE2d 528) (1985).

The remaining arguments of appellees as to why the judgment should be affirmed are moot.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JUNE 19, 1991 —
RECONSIDERATION DENIED JULY 17, 1991 — ▮

*Maria S. Georgeton*, for appellant.
*Bush, Wallace & Craig, Chuck R. Pardue, Daniel J. Craig*, for appellees.