A94A1411. STATE OF GEORGIA v. BANKS.

(452 SE2d 533)

McMURRAY, Presiding Judge.

The State of Georgia (plaintiff) filed this petition for civil forfei-

ture pursuant to OCGA § 16-13-49 to condemn a certain 1988 Ford Mustang automobile seized during a drug raid by the City of Carrollton Police Department on January 13, 1993. Jimmy Banks (defendant) appeared and demanded possession, asserting he was the "true owner" of the vehicle. At a non-jury hearing, the following material facts were adduced: The vehicle was registered in Georgia under the name of William Jay Lunsford, who allegedly used it to facilitate the transportation of 12.7 ounces of marijuana discovered in the trunk. However, defendant claimed he had purchased the car from Lunsford on August 18, 1992, and had merely loaned the vehicle to Lunsford at the time it was seized. Defendant had "closed out two savings accounts and [received] a cashier's check [jointly made] out to Ford Motor Credit and [himself, which he] and William Lumsford [sic]" used to extinguish the creditor's lien of Ford Motor Credit. Defendant produced a copy of the title certificate showing that on August 18, 1992, Ford Motor Credit released its lien and that on August 20, 1992, William J. "Lumsford" transferred title over to defendant. He also produced a copy of an August 18, 1992, First Union Bank cashier's check, made out jointly to "Jimmy D. Banks and Ford Motor Credit" in the amount of $7,714.91. Defendant admitted he never registered the car in his name, explaining that after closing his savings accounts to come up with the entire balance owing of $7,714.91, he "didn't have the money to pay the [ad valorem] taxes," assessed in the amount of $280. Defendant denied having any knowledge of Lunsford's alleged use of the vehicle to transport contraband. Lunsford agreed that he sold the car to defendant in August 1992 when defendant paid off Ford Motor Credit.

The trial court determined that defendant was the true owner because "he purchased the car from Lunsford on August 18, 1992." The court further concluded, "[t]he fact that Mr. Banks has not yet registered the car in his name will not defeat his claim to ownership," and ordered the vehicle released to defendant. This appeal followed. *Held*:

1. In its first enumeration, the State contends the trial court "erred by incorrectly defining 'owner' and by ignoring the strict requirements to show ownership set forth in O.C.G.A. Sec. 16-13-49 (a) (7)." The State argues that in order "[t]o be considered the legal owner of the seized vehicle, [defendant] was required to comply with the registration and licensing requirements" of OCGA §§ 40-2-20 and 40-2-42, respectively, relying on OCGA § 40-3-32 (d).

OCGA § 16-13-49 (a) (7) provides that the term " 'Owner' means a person, other than an interest holder[, defined at OCGA § 16-13-49 (a) (6) as a secured party], who has an interest in property *and is in compliance with any statute requiring its recordation or reflection in public records in order to perfect the interest against a bona fide*

*purchaser for value.*" (Emphasis supplied.) However, the emphasized language does not apply unless and until the interests of a lien creditor or a bona fide purchaser for value are actually at stake. "The [S]tate in a forfeiture proceeding is not in the position of [a bona fide purchaser for value,] a creditor or lienholder, but its interest is only to prevent a guilty party from further misusing the property. *Hallman v. State [of Ga.]*, 141 Ga. App. 527 (2) (233 SE2d 839) (1977)." *State of Ga. v. Sewell*, 155 Ga. App. 734 (2), 735 (272 SE2d 514). See also *Farmers &c. Bank of Trenton, Fla. v. State*, 167 Ga. App. 77, 79 (2) (306 SE2d 11). In the case sub judice, defendant Jimmy Banks acquired the complete ownership interest (clear title and possession), *pursuant to his contract*, when he paid $7,714.91 to discharge the purchase money security interest of Ford Motor Credit. The fact that it is the substantive law of contract (and not the Motor Vehicle Certificate of Title Act) which creates and defines property interests in motor vehicles is recognized by the express language of OCGA § 40-3-32 (d), which provides in pertinent part: "*Except as . . . between the parties*, a transfer [of an interest in a motor vehicle] by an owner is not effective until this Code section and Code Section 40-3-33 have been complied with; and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and until he shall obtain from the transferor the certificate of title thereto, duly transferred in accordance with this Code section." (Emphasis supplied.) See also OCGA § 40-3-32 (b), which imposes upon the transferee the duty to apply for a new title certificate "promptly after delivery to him of the vehicle and certificate of title." The express statutory exception must mean that, as between the parties, a transfer of an interest in a motor vehicle *is* effective *despite* the fact that registration requirements have not yet been complied with. Consequently, Jimmy Banks, as a *party* to the sale in the case sub judice, *acquired* his property interest *by* his contract. The remaining language of OCGA § 40-3-32 (d), i.e., that a transferee acquires no "right, title, or interest . . ." establishes a *priority* in favor of lienholders of record as against buyers who fail to obtain the certificate of title, properly transferred of record. It is our view that, the State and the dissent err in confusing the creation and existence of a property interest with the priority of that interest in a contest with recorded security interests or with bona fide purchasers for value who take without notice of that interest.

The State correctly observes that under OCGA § 40-2-20 (c), it is a misdemeanor offense to fail to register a car within 21 days of purchase.[1] It is also a misdemeanor to fail to obtain authorization to

---

[1] Such failure to register "shall be punished by a fine not exceeding $100.00." OCGA

transfer the use of a license plate and revalidation decal as required by OCGA § 40-2-42 (a). However, the State is incorrect to argue that the failure of a purchaser to register the vehicle means he has no recognized property interest which can be asserted vis-a-vis the State's forfeiture claim under OCGA § 16-13-49.[2] The Motor Vehicle Certificate of Title Act, OCGA § 40-3-1 et seq. "is a recording statute[. Its] purpose is to perfect and give notice of security interests, and . . . 'this does not affect the *creation* of [a property or] security interest, which remains a matter of contract between the parties.' It follows that a [buyer's] failure to comply with the [registration requirements of the] Act does not nullify the contract but merely has the effect of loss of priority where the rights of third parties who complied with the Act have intervened." (Emphasis in original.) *Hallman v. State of Ga.*, 141 Ga. App. 527 (1), 528, supra. In the case sub judice, there are no intervening equities of creditors, lienholders, or good faith purchasers for value without notice. Consequently, " '[t]he registration of the instrument under which [defendant] claims is not material on the question of forfeiture.' *Habit v. Stephenson*, 217 NC 447 (8 SE2d 245)." *Hallman v. State of Ga.*, 141 Ga. App. 527, 528 (2), supra. "The claimant who has failed to [register] his [interest] . . . may have hard sledding when it comes to convincing the trior of fact, but he is not as a matter of law foreclosed from pursuing his claim." *Hallman v. State of Ga.*, 141 Ga. App. 527, 528 (2), 529, supra.

In the case sub judice, defendant's ownership interest, as against the State, was complete in August 1992 when Lunsford voluntarily transferred possession of the vehicle for valuable consideration and defendant "obtain[ed] from the transferor the certificate of title thereto, duly transferred. . . ." OCGA § 40-3-32 (d). The trial court correctly determined that defendant was the "owner" of the vehicle he purchased, within the meaning of OCGA § 16-13-49 (a) (7), even though he failed to register it so as to authorize its use and operation on the public highways.

2. In its second enumeration, the State contends the evidence was

---

§ 40-2-20 (c).

[2] The State, and the dissent, necessarily argue that Banks forfeits his entire purchase price of over $7,700 because of an omission punishable "by a fine not exceeding $100.00." OCGA § 40-2-20 (c). A total loss of all property rights due to such an insignificant omission (wholly unrelated to the morally blameworthy activity of trafficking in narcotics) is impermissibly disproportionate.

However, such an anomalous result appears to be precluded, in that it is forbidden by the "excessive fines" provision of Art. I, Sec. I, Par. XVII of the Georgia Constitution (1983). See *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416). See also *Austin v. United States*, 509 U. S. ___ (113 SC 2801, 125 LE2d 488): "[F]orfeiture under [the federal drug forfeiture] provisions [of 21 USC § 881 (a) (4) and (a) (7)] constitutes 'payment to a sovereign as punishment for some offense,' [cit.], and, as such, is subject to the limitations of the Eighth Amendment's Excessive Fines Clause."

insufficient to prove defendant was the owner of the vehicle, arguing that "the evidence presented by [defendant] to support his position was not credible."

"In a condemnation action the state must first carry its burden of proof by a preponderance of the evidence to establish a prima facie case for forfeiture of the property. *Bloodworth v. State [of Ga.]*, 185 Ga. App. 880 (336 SE2d 324) (1988). A [claimant] invoking the innocent owner exception has a two-fold burden. See OCGA § 16-13-50 (a). First, in order to establish standing to contest the forfeiture the [claimant] has the burden of proving the nature and extent of his interest in the property. See *Hill [v. State of Ga.*, 178 Ga. App. 563, 565 (2) (343 SE2d 776)]; *Chester [v. State of Ga.*, 168 Ga. App. 618, 619 (1) (309 SE2d 897)]. Second, the [claimant] must prove by a preponderance of the evidence that he is entitled to the exception as defined by the statute. *Morgan [v. State of Ga.]*, 172 Ga. App. 375, 376 (323 SE2d 620) (1984); OCGA § 16-13-49 (a) (4) (B) and (e)." *State of Ga. v. Jackson*, 197 Ga. App. 619, 620 (1), 623 (399 SE2d 88). Subsections (o) (5) and (p) (6) of OCGA § 16-13-49 provide that forfeiture proceedings shall be held by the court without a jury. See also *Swails v. State of Ga.*, 263 Ga. 276 (1) (431 SE2d 101). Upon appellate review, factual findings made after a bench trial "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." OCGA § 9-11-52 (a). Defendant's testimony in the case sub judice was corroborated by the certificate of title and other documentary evidence indicating that Ford Motor Credit released its purchase money lien in exchange for defendant's cashier's check. This is evidence that the sale was a transaction of economic substance, not merely a "sham" as contended by the State, and is consequently sufficient to support the determination that defendant is the owner of the vehicle by virtue of his good faith purchase. See *State of Ga. v. Sewell*, 155 Ga. App. 734 (2), 736, supra. The State does not contest the sufficiency of the evidence with respect to any other element of the innocent owner exemption from forfeiture established at OCGA § 16-13-49 (e). Consequently, the judgment of the trial court returning the seized vehicle to its owner is affirmed.

*Judgment affirmed. Birdsong, P. J., Beasley, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Pope, C. J., Andrews and Smith, JJ., dissent.*

SMITH, Judge, dissenting.

I respectfully dissent. I agree with the majority that as between Banks and Lunsford, Banks had an ownership interest in the car. However, that is not the issue in this case; this is not a dispute between Banks and Lunsford. In my view, Banks's claim to the car must

fail *not* because he did not comply with certain provisions of the Motor Vehicle Certificate of Title Act, but because he did not comply with the *statutory requirements for asserting a claim* during these forfeiture proceedings.

OCGA § 16-13-49 (a) (7) sets forth those requirements. It provides that in order to assert a claim one must meet three requirements. One must not be a secured party, one must have an interest in the property, and one must be "in compliance with any statute requiring its recordation or reflection in public records in order to perfect the interest against a bona fide purchaser for value." Id.

Clearly, Banks meets the first two requirements: he is not a secured party, and he has an interest in the car, as both the majority and I agree. However, if the Motor Vehicle Certificate of Title Act (the Act), OCGA § 40-3-1 et seq., is the type of statute contemplated by OCGA § 16-13-49 (a) (7), he does not meet the third requirement because he failed to register the car in his own name as required by OCGA § 40-3-32 (b), (d). Therefore, despite his conceded interest in the car, he may not assert a claim to the car in the forfeiture proceeding.

In enacting OCGA § 40-3-1 et seq., the legislature's "manifest purpose . . . was to provide a comprehensive system, with few specific exceptions, for central recordation of ownership, security interests and liens in all motor vehicles registered and regularly in use in this State." *First Nat. Bank &c. Co. v. Smithloff*, 119 Ga. App. 284, 287 (167 SE2d 190) (1969). This court has held that the Act is a recording statute that both perfects the interests of owners against purchasers and protects bona fide purchasers. See *May v. Macioce*, 200 Ga. App. 542, 543-544 (1) (409 SE2d 45) (1991); *Gen. Fin. Corp. v. Hester*, 141 Ga. App. 28 (232 SE2d 375) (1977). In my view, therefore, the Act is of the type contemplated by OCGA § 16-13-49 (a) (7). Since the absolutely clear language of the latter statute requires that before asserting a claim as the "true owner" of a forfeited motor vehicle one must comply with the Certificate of Title Act, it follows that Banks is not entitled to assert his claim of ownership in this proceeding.

As pointed out by the State, it has long been held that when a statute is plain and has but one reasonable construction, our courts may not construe it differently. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). A majority of this court, however, does just that by totally ignoring the statutory requirement for asserting a claim set forth in OCGA § 16-13-49 (a) (7), despite the clear and unambiguous language of the statute.

*Hallman v. State of Ga.*, 141 Ga. App. 527 (233 SE2d 839) (1977), relied upon by the majority, does not require a contrary result here. The holding in *Hallman* is simply not applicable to the facts of this case because *Hallman* involved the claim of a secured party,

rather than one claiming ownership. The issue addressed in *Thorp v. State of Ga.*, 264 Ga. 712 (450 SE2d 416) (1994), regarding whether the forfeiture of the car was excessive, is not reached here, because Banks does not meet the threshold requirements for asserting a claim. In addressing this issue, the majority is holding, in effect, that OCGA § 16-13-49 (a) (7) is unconstitutional. Even assuming that is correct, it is not for this court to decide.

Because Banks's failure to meet the clear requirements set forth in OCGA § 16-13-49 (a) (7) prevents the assertion of his claim, the trial court's ruling was in error. I would reverse the judgment below.

I am authorized to state that Chief Judge Pope and Judge Andrews join in this dissent.

DECIDED DECEMBER 2, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 —

*Peter J. Skandalakis, District Attorney, Jeffrey W. Hunt, Anne C. Allen, Assistant District Attorneys*, for appellant.
*Cummins, Booth & Kneidel, D. Scott Cummins*, for appellee.