### A94A2542. HAIRSTON v. SAVANNAH RIVER PLANT FEDERAL CREDIT UNION.
(453 SE2d 811)

BIRDSONG, Presiding Judge.

Hosea Hairston appeals the grant of summary judgment to the Savannah River Plant Federal Credit Union in his action against the credit union in which he attempts to cancel a note. His claim arose from the attempted purchase of a conversion van. After Hairston selected a van from Van City, a conversion van dealer, he applied for a loan from the credit union to purchase the van. Under his agreement with the credit union, the van was to be the security for the loan. After the loan was approved, Hairston signed an Advance Proceeds Check and Security Agreement and received a check for $23,336 made payable to Hairston and Van City. Hairston took the check to Van City, endorsed it and gave it to Van City. Although Van City negotiated the check, Hairston never received or took title to the van.

Subsequently, Hairston filed suit against Van City, another

dealer that Hairston alleged was to supply the van to Van City, and the credit union. The action against the credit union sought discharge from the note and to recover from the credit union the payments he made on the note. Hairston asserted that the credit union was obligated to perfect the security interest in the van and that because it was negligent in failing to do so, he is discharged from his indebtedness to the credit union. Van City is in default in the suit and summary judgment was granted to the other dealer and to the credit union. This appeal concerns only the grant of summary judgment to the credit union. *Held*:

Hairston contends the trial court erred by finding that as a financial institution the credit union had no obligation to perfect a security interest for a secured loan. Hairston, however, has cited no authority in support of this contention. Although Hairston is a resident of South Carolina and apparently would have registered the van and created the security interest in that state, as the South Carolina law has not been established under OCGA § 9-11-43 (c), it is presumed that South Carolina law is the same as the relevant Georgia law. *Abruzzino v. Farmers' &c. Bank*, 168 Ga. App. 639 (309 SE2d 911).

Perfection of security interests in motor vehicles is controlled by Article 3 of Title 40 of the Official Code of Georgia Annotated (OCGA § 40-3-50 et seq.), and the only way to create a security interest in a vehicle is under this chapter. *Gen. Fin. Corp. v. Hester*, 141 Ga. App. 28, 29 (232 SE2d 375). Under OCGA § 40-3-51 (1) the security interest in the vehicle is created by the owner. Thus, there is no legal support for Hairston's contention that the credit union somehow could independently create a security interest in the van. Although the credit union could perfect the security interest by delivering the title to the State Revenue Commissioner, it could do so only after the security interest was created by submitting a title application. See OCGA § 40-3-51 (1), (2).

Moreover, Hairston's basic premise is flawed because it rests upon the concept that he would be discharged from his debt to the credit union if the credit union had a perfected security interest in the van. This also is not the law in this state. The credit union was not limited to proceeding only against the property securing the note, but could collect from Hairston on the note. *Sadler v. Trust Co. Bank of South Ga.*, 178 Ga. App. 871, 872 (344 SE2d 694); *Homes of Tomorrow v. Fed. Deposit Ins. Corp.*, 149 Ga. App. 321 (254 SE2d 475).

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 7, 1995.

*Allen W. Johnson, Michael J. Brown,* for appellant.

*Fulcher, Hagler, Reed, Hanks & Harper, J. Edward Enoch, Jr., Mark C. Wilby, Hull, Towill, Norman & Barrett, George R. Hall, Allgood, Childs, Mehrhof & Millians, Richard R. Mehrhof, Jr., for appellee.*